J-S18005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX JUNIOR ENCARNACION, | |
| Appellant | No. 1204 MDA 2015 |

Appeal from the PCRA Order June 11, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000568-2007

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 04, 2016**

Felix Junior Encarnacion appeals from the order entered June 11, 2015, denying his amended post-conviction relief petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq*.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under *Turner*/*Finley*.[1]  We affirm, and grant the petition to withdraw.

Appellant's charges were premised upon his possession of, *inter alia*, two large bags of heroin, one containing twelve grams and the other containing 118 grams, as well as 1,150 smaller bags of heroin "packaged for

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

* Retired Senior Judge assigned to the Superior Court.

street delivery." Police Criminal Complaint, 1/28/07, at 2. The PCRA court

summarized the relevant facts as follows:

> On January 28, 2007, [Appellant] was charged with Possession with Intent to Deliver a Controlled Substance and numerous related offenses. On June 21, 2007, he entered an open plea of guilty to all charges . . . On September 26, 2007, he was sentenced to eleven to twenty-five years' incarceration. He filed an untimely Motion to Modify Sentence which [the court] denied by Order of October 23, 2007.

> On March 6, 2008, [Appellant's] first Petition pursuant to the [PCRA] was filed. In that Petition, [Appellant] asserted that his guilty plea counsel was ineffective for failing to explain the guilty plea colloquy and the potential deportation consequences of his guilty plea. [The court] denied that Petition by Order dated July 25, 2008. On March 2, 2009, that Order was vacated by the Pennsylvania Superior Court and the matter was remanded for a hearing on the Petition. On July 30, 2009, [the court] conducted a hearing on [Appellant's] PCRA claims. By Order of July 7, 2010, [the court] denied [Appellant's] first PCRA petition.

> [Appellant] filed a Notice of Appeal of that Order on August 4, 2010. In his Concise Statement of Matters Complained of on Appeal, [Appellant] asserted that his guilty plea counsel was ineffective for failing to explain the potential deportation consequences of his entering a guilty plea … By order of April 6, 2011, the Superior Court vacated our July 7, 2010 order and again remanded. In its Order, the Superior Court … deferred ruling on the deportation issue and reinstated [Appellant's] right to file a Post-Sentence Motion and pursue his right of direct appeal *nunc pro tunc*.

> On June 6, 2011, [Appellant] filed a Post-Sentence Motion. By Order of November 2, 2011, the Post-Sentence Motion was granted in part and denied in part. It was determined that [Appellant] would be resentenced as the sentence imposed was outside the guideline ranges. On January 18, 2012, he was resentenced to an aggregate eight years and four months' to twenty years' incarceration. He filed a Notice of Appeal of this Sentence on February 15, 2012 alleging that [the court] failed to

take various mitigating factors into account in imposing that sentence.

While his appeal of the January 18, 2012 sentence was pending, [Appellant] filed another PCRA Petition on March 15, 2012. In his second Petition, [Appellant] raised claims of ineffective assistance of counsel for counsel's alleged failure to explain the deportation consequences of his guilty plea. By Order of March 15, 2013, [the court] denied [Appellant's] PCRA as [the court] found that **Padilla** [**v. Kentucky**, 559 U.S. 356 (2010)] was inapplicable to his case. On April 4, 2013, [Appellant] filed a Notice of Appeal of the Order denying his request for PCRA relief. On April 9, 2014, the Superior Court issued an order vacating [the court's] Order of March 15, 2013 and finding all Orders pertaining to the withdrawal and appointment of counsel to be void *ab initio*.

After conducting proceedings to apprise [Appellant] of his right regarding counsel, [current] PCRA counsel was appointed on September 25, 2014. [Appellant] was then granted leave to file an Amended PCRA Petition. On December 1[7], 2014, [Appellant] filed his Amended Petition in which he again asserted that his guilty plea counsel had failed to advise him of the deportation issues involved in his entry of his guilty plea.

PCRA Court Opinion, 6/11/15, at 1-4.

Appellant became eligible for parole on May 28, 2015, and was released to the custody of Immigration and Customs Enforcement. He was subsequently deported to the Dominican Republic.[2] On June 11, 2015, the

---

[2] Despite being deported, Appellant is still subject to the terms of his parole, and therefore, this Court may exercise jurisdiction over Appellant's Petition pursuant to 42 Pa.C.S. § 9543(a)(1)(i) (a petitioner is eligible for relief if he can prove by a preponderance of the evidence that he has "been convicted of a crime under the laws of the Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime").

PCRA court issued an order of court and opinion denying Appellant's amended petition for post-conviction relief. Appellant filed a timely Notice of Appeal on July 7, 2015.

On appeal, PCRA counsel filed a petition to withdraw as counsel and a *Turner*/*Finley* brief directing this Court's attention to two issues of possible merit:

  I.    Whether the PCRA court erred in finding that Appellant received information regarding possible deportation consequences of a guilty plea[?]

  II.   Whether the PCRA court erred in finding the Appellant's testimony not as credible and granting excessive weight to Judge Charles Jones's testimony[?]

*Turner*/*Finley* brief, at 4.

As a preliminary matter, we must address whether PCRA counsel has met the requirements of *Turner*/*Finley*. The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa.Super. 2014) (citations omitted). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a

statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. ***Freeland***, 106 A.3d at 774 (citations omitted).

The PCRA court, or an appellate court if the no-merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent evaluation of the record. Only if it agrees with counsel that the petition lacks merit, will counsel be permitted to withdraw.

Here, we find that counsel has substantially complied with the requirements of ***Turner***/***Finley*** and their progeny. Counsel detailed her review of the record and her conclusion that Appellant's claims are meritless. Counsel also notified Appellant, and furnished him with a copy of her no-merit letter, advising him of his right to proceed *pro se* or to retain private counsel.

We now turn to this appeal to determine whether it is indeed meritless. The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free from legal error. ***Commonwealth v. Wah***, 42 A.3d 335, 335 (Pa.Super. 2012) (citations omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

Appellant first contends he received ineffective assistance of counsel because he was not advised of the possible deportation consequences of a

guilty plea. To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa.Super. 2013) (citations omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Rush*, 838 A.2d 651 (Pa. 2003).

Instantly, we find the court had ample support in the record for its determination that Appellant received instruction and counsel regarding the possible deportation consequences of a guilty plea. The court credited testimony by Appellant's plea counsel that he was aware of Appellant's status as a non-citizen. The court noted testimony by plea counsel and his court interpreter that it was his customary practice to provide advice regarding deportation consequences to all his non-citizen clients, even before the *Padilla* decision, *supra*. PCRA Court Opinion, 6/11/15, at 9; *see also*, N.T., 6/19/12, at 9, 14-15; *id*. at 21.

In addition, Appellant's pre-sentence report included information regarding his expired green card and potential immigration detainer. The court reasoned that Appellant's failure to raise an issue with this information prior to sentencing indicated he had been apprised of the risk of deportation before entering his plea. When supported by the record, the PCRA court's credibility determinations and factual findings are binding on this court. *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014). As such, we find

Appellant's first contention lacks arguable merit and his claim of ineffective assistance of counsel fails. ***Escobar***, ***supra***; ***Rush***, ***supra***.

Appellant next contends the PCRA court erred by not crediting his testimony and granting excessive weight to guilty plea counsel's testimony. We reiterate, when supported by the record, the PCRA court's credibility determinations and factual findings are binding on this court. ***Bardo***, ***supra***. As noted above, the PCRA court had ample support for its credibility determinations and factual findings when it found that Appellant did, in fact, receive information regarding the possible deportation consequences of a guilty plea. Thus, Appellant's final contention is also without merit.

PCRA counsel has complied with ***Turner***/***Finley***. We have reviewed the record, and we are convinced that no meritorious appellate issues exist. Accordingly, we affirm the denial of PCRA relief and grant the petition to withdraw.

Petition of Kelli M. Knerr, Esquire, to withdraw as counsel granted. Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016