J. S30020/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PATRICK U. THAXTER, | : | No. 1495 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 21, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007473-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED MAY 05, 2016**

Patrick U. Thaxter appeals from the April 21, 2015 order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  PCRA counsel has also filed an "application to withdraw as counsel."  We affirm.

The PCRA court set forth the following factual and procedural history:

> On August 5, 2008, at approximately 6:00 p.m., acting on information provided by a confidential source, Pennsylvania State Trooper Caldwell (first name not given) set up surveillance on the 600 block of East Church Lane in Philadelphia, with more troopers stationed in the area for backup. The information Trooper Caldwell had received was that someone would be delivering five pounds of marijuana on that block in a silver Honda Accord that evening.  Guilty Plea Volume I, 01/11/2013, pp. 27-28.

After the surveillance was set up, [appellant] arrived on the block in a silver Honda Accord. Refusing to comply with the troopers' attempts to stop the vehicle, [appellant] drove his car over a curb while trying to speed away. As a car pursuit ensued, [appellant] sped through several red lights and stop signs and drove the wrong way on one-way streets. Guilty Plea Volume I, 01/11/2013, p. 28.

Lieutenant Ginaldi (first name not given), who was providing helicopter assistance to the officers on the ground, observed [appellant] throw a yellow bag out of the window of the Honda Accord on the 6200 block of Beechwood Street. The bag was subsequently recovered by Trooper Caldwell and sent to the Pennsylvania State Police Lima Regional Laboratory for testing. It was later determined that the bag contained approximately five pounds of marijuana. Guilty Plea Volume I, 01/11/2013, pp. 28-29.

After [appellant], who was the only person in the vehicle, was taken into custody, he gave a statement to Trooper Caldwell admitting that he was going to the location to deliver the marijuana. Guilty Plea Volume I, 01/11/2013, pp. 28-29.

On January 11, 2013, [appellant], a citizen of Jamaica and a permanent resident of the United States[Footnote 1], entered a negotiated guilty plea before this court and was convicted of possession with intent to deliver [controlled] substances, recklessly endangering another person, and tampering with evidence. Also on January 11, 2013, this court sentenced [appellant] to a total of nine (9) years of reporting probation.[Footnote 2] At trial, [appellant] was represented by Louis Savino, Esquire.

[Footnote 1] Guilty Plea Volume[] I, 01/11/2013, p. 32.

[Footnote 2] The Commonwealth agreed to this demandatorized sentence. Guilty Plea Volume I, 01/11/2013, pp. 24-25.

On January 9, 2014, [appellant] filed a timely *pro se* petition under the [PCRA]. Thereafter, J. Matthew Wolfe, Esquire, was appointed to represent [appellant]. On August 12, 2014, Attorney Wolfe filed an Amended PCRA Petition on [appellant's] behalf arguing that [appellant's] guilty plea counsel was ineffective for failure to advise him of the immigration consequences of his guilty plea. On December 19, 2014, the Commonwealth filed a Motion to Dismiss [appellant's] PCRA Petition without a hearing.

On April 10, 2015, [appellant] filed a counseled Second Amended PCRA Petition in which he averred that he did not understand the immigration consequences of his plea including the possibility of deportation. On April 21, 2015, during the evidentiary hearing held in this matter, [appellant], through his counsel, requested and was granted this court's permission to orally amend his Second Amended PCRA Petition to include an ineffectiveness claim for [appellant's] guilty plea counsel's failure to ascertain that [appellant] understood the deportation consequences of his plea. [Appellant] was also permitted to present an oral motion to withdraw his guilty plea.[Footnote 3] ***Commonwealth v. Patrick Thaxter*** [()PCRA Hearing[)], 04/21/2015, p. 5.

[Footnote 3] It follows, therefore, that [appellant's] Second Amended PCRA Petition, combined with his oral motions made at the April 21, 2015 evidentiary hearing, raised essentially the same issues as his first Amended PCRA Petition.

Also on April 21, 2015, after conducting the hearing, this court denied [appellant's] [PCRA petition] for lack of merit. On April 22, 2015, this

> court issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 908(E) advising [appellant] about his right to appeal this court's decision to the Superior Court of Pennsylvania within thirty (30) days from the date of the Notice.
>
> On May 20, 2015, [appellant] filed a timely Notice of Appeal.

PCRA court opinion, 9/21/15 at 1-3.

At the outset, we note that Attorney Wolfe filed what he titled as an "***Anders***[1] brief" rather than a ***Turner***/***Finley***[2] no-merit letter. On an appeal from the denial of a PCRA petition, a ***Turner***/***Finley*** letter is the appropriate filing. In reviewing Attorney Wolfe's filing, however, counsel has filed a ***Turner***/***Finley*** no-merit letter, but inadvertently titled it an ***Anders*** brief. We further note that appellant did not file a response to Attorney Wolfe's "application to withdraw as counsel." Therefore, we must now determine whether we agree with counsel's assessment that the issue appellant wishes to raise on appeal lacks merit.

The sole issue for our review is whether appellant's plea counsel was ineffective for failing to inform him about the deportation consequences associated with his guilty plea. We agree with counsel's assessment that appellant's claim lacks merit.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***).

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (**en banc**). In contrast, we review the PCRA court's legal conclusions **de novo**. **Id.**

Appellant's issue asserts ineffective assistance of plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. **See Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. **Id.** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. **See Rollins**, 738 A.2d at 441; **Commonwealth v. (Charles) Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" **See Rollins**, 738 A.2d

> at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

Allegations of ineffective assistance of counsel in connection with a guilty plea do not warrant relief unless counsel's ineffectiveness caused an involuntary, unknowing, or unintelligent plea. ***Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa.Super. 2013), ***appeal denied***, 86 A.3d 232 (Pa. 2014) (citation omitted). Where the defendant enters a plea on counsel's advice, its voluntary and knowing nature turns on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. ***Id.*** We will not disturb a PCRA court's order unless it is unsupported by the record or contains legal error. ***Id.*** "[C]ounsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation." ***Id.*** citing ***Padilla v. Kentucky***, 559 U.S. 356 (2010).

Here, the record reflects that plea counsel was not called to testify at the PCRA hearing, but that the prosecution and defense stipulated as follows:

> [THE COMMONWEALTH]: [Plea counsel] would testify that he had discussions with [appellant] about deportation; that he was aware -- that [plea counsel] was aware that [appellant] faced possible deportation; that the choice, to him, seemed to be between one year in prison and deportation or nine years' probation and deportation, that it was a lesser of two evils; and that he fully explained everything to [appellant] before his plea, and that he believed that [appellant] understood everything, as he advised the Court.
>
> [DEFENSE COUNSEL]: I would stipulate that that is what [plea counsel] would testify to were he called to testify.

Notes of testimony, 4/21/15 at 35.

The PCRA court aptly summarized the most relevant portions of appellant's testimony at the PCRA hearing as follows:

> Although at the beginning of the evidentiary hearing in this matter [appellant] contended that he would not have pleaded guilty had he known that his guilty plea was going to cause adverse immigration consequences, he subsequently conceded that his attorney, in fact, advised him of the risk of deportation. [*Id.* at 7, 10, 27.] [Appellant] also conceded that he knew there existed a possibility that he would be deported. He noted, however, that he was unaware of the deportation's certainty:
>
> > Q.: Isn't it true that you knew that there was a chance you could get deported, but you did not think it would happen?
> >
> > . . .
> >
> > A.: I knew there was a chance, but I didn't know I was going to get deported.

[*Id.* at 28.]

PCRA court opinion, 9/21/15 at 10-11.

Based on the record before us and viewed in the light most favorable to the Commonwealth, we find that the PCRA court had ample support for its determination that appellant entered his guilty plea voluntarily, knowingly, and intelligently and that guilty plea counsel informed appellant, a noncitizen, that his guilty plea carried a risk of deportation because appellant testified that he knew there was "a chance" of deportation and because the parties stipulated that plea counsel would have testified that he advised appellant of the deportation risk of his plea. (Notes of testimony, 4/21/15 at 28, 35.) Consequently, appellant's ineffectiveness claim lacks arguable merit and necessarily fails.

Finally, after our own independent review of the record in this case, we can discern no other issues of arguable merit. Therefore, we will grant Attorney Wolfe's petition to withdraw and affirm the order dismissing appellant's PCRA petition.

Order affirmed. PCRA counsel is granted permission to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016