J-S26040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MD ALL RABBY TOUKIR, | : | |
| | : | |
| Appellant | : | No.   1432 EDA 2015 |

Appeal from a PCRA Order April 14, 2015,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0008379-2013

BEFORE:  OLSON, STABILE, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:                      **FILED MAY 06, 2016**

Md All Rabby Toukir (Appellant) appeals from the order entered April 14, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

The pertinent factual and procedural history of this action has been summarized by the PCRA court as follows.[2]

> [Appellant], a citizen of Bangladesh, came to the United States in 2007 and was granted a green card.  A confidential

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] The PCRA court began its recitation of the relevant facts and procedural history by acknowledging that the "background is derived from allegations contained in the affidavit of probable cause, which [Appellant] agreed in his written guilty plea colloquy to have incorporated into the record, as well as facts as found by [the PCRA court] at the PCRA hearing."  PCRA Court Opinion, 7/10/2015, at n.1.  The PCRA court noted that in doing so, it credited the testimony of plea counsel and not the "interested testimony of [Appellant] and his fiancé[e]."  ***Id.***

* Retired Senior Judge assigned to the Superior Court.

informant advised police in September 2013 that the then 20-year-old [Appellant] would be engaging in a drug deal at a convenience store in Towamencin Township, Montgomery County. Surveilling police subsequently observed [Appellant] engage in a hand-to-hand transaction with another man. The men were stopped by police and marijuana and currency were seized. A consent search of [Appellant]'s vehicle revealed additional quantities of marijuana, drug paraphernalia and a bottle of liquor. [Appellant] was charged with possession of marijuana with intent to deliver, receipt in commerce, possession of drug paraphernalia[,] and possession of liquor by a person under 21.

[Appellant] retained Edward Fabick, Esq., to represent him. Fabick advised [Appellant] on numerous occasions that the drug offenses carried a "high probability" of deportation. Fabick advised [Appellant] to consult with an immigration attorney. [Appellant]'s primary focus was not going to jail and it was Fabick who initiated any discussions about potential immigration consequences.

Throughout his representation, Fabick advised that [Appellant] might avoid prosecution, and immigration consequences altogether, if he cooperated with law enforcement. [Appellant] did not want to pursue that strategy. Fabick attempted to negotiate a plea agreement that would reduce the charges to a summary offense, such as disorderly conduct. The Commonwealth maintained its intention to pursue the felony possession with intent to deliver charge.

Fabick eventually received an offer from the Commonwealth for [Appellant] to plead guilty to two counts of misdemeanor receipt in commerce in exchange for an aggregate sentence of six years of probation. The Commonwealth indicated the offer would get no better. [Appellant], who did not want to go to trial and who wanted to avoid jail time, accepted the offer.

[Appellant] pleaded guilty on July 2, 2014, to two counts of receipt in commerce and was sentence[d] to an aggregate term of six years of probation. In exchange, the Commonwealth did not pursue the possession with intent to deliver, drug paraphernalia and alcohol charges … [Appellant] did not file a direct appeal after his guilty plea.

On October 16, 2014, [Appellant], through new counsel, filed a PCRA petition. The petition alleged [Appellant] had been detained since August 7, 2014, by US Immigration and Customs Enforcement pending deportation. He claimed plea counsel had rendered ineffective assistance by allegedly misadvising him that his guilty plea would not subject him to immigration consequences. [Appellant] claimed that had he known of the immigration consequences of his plea, he would have attempted to negotiate a better deal or gone to trial.

The Commonwealth filed a written response to the petition and [the PCRA court] held a hearing. The court denied the petition in an order dated April 14, 2015.

PCRA Court Opinion, 7/10/2015, at 1-4 (internal citations and footnotes removed). This appeal followed. Both Appellant and the PCRA court have complied with the directives of Pa.R.A.P. 1925.

On appeal, Appellant presents for our consideration the following issue:

Whether the [PCRA Court] committed legal error in finding that plea counsel had provided effective assistance of counsel where plea counsel admitted under questioning that he had no knowledge of the requirements that **Padilla v. Kentucky**, 599 U.S. 356 (2010)[,] imposes on counsel regarding the duty to inform a defendant of the immigration consequences of a [d]efendant's guilty plea where deportation was a virtual certainty.

Appellant's Brief at 4.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record

contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa. Super. 1999). To be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. Such errors include the ineffectiveness of counsel. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii).[3]

In reviewing the PCRA court's denial of Appellant's claims of ineffective assistance of counsel, we bear in mind that counsel is presumed to be effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsels' advice was within the range of competence demanded of attorneys in criminal cases.

***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).

---

[3] Section 9543(a)(2)(ii) provides the following: "Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined

Keeping the above standards in mind, we now address Appellant's claim on appeal. Appellant contends that plea counsel, Attorney Fabick was ineffective for failing to advise Appellant that deportation was "virtually certain" due to the nature of the crime, to which he was pleading guilty. Appellant's Brief at 8. Appellant further argues that plea counsel was "virtually unfamiliar" with the details of the case law setting forth the duties counsel has to his non-citizen client. *Id.* at 11. Appellant avers that, but for plea counsel's insufficient advice, he would have "chosen to negotiate another plea bargain or go to trial if a plea that was immigration friendly could not be reached." *Id.* at 14.

An attorney has the duty to inform his client of the immigration consequences which may exist when pleading guilty. *See Padilla v. Kentucky*, 559 U.S. 356 (2010) (holding that the Sixth Amendment requires that counsel inform a criminal defendant of the risk of deportation occasioned by a plea). Specifically, *Padilla* held "that counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less." *Id.* at 374.

---

the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(ii).

Since **Padilla**, this Court has reviewed cases involving immigration and deportation consequences while cognizant of the standard set forth by the United States Supreme Court. Specifically, in **Commonwealth v. Escobar**, 70 A.3d 838 (Pa. Super. 2013),[4] we stated:

> We do acknowledge that parts of the **Padilla** opinion contain language arguably supporting the notion that plea counsel in some cases may have a duty to provide a rather certain indication of deportation. For example, at one point, the **Padilla** court agreed competent counsel would have told Padilla he was "subject to automatic deportation." At another point, the court indicated the instant deportation statute "commands" deportation for virtually all drug convictions. The opinion likewise observes that deportation for certain convictions is "practically inevitable." **Even still, we think the court's overall emphasis was that the deportation statute in question makes most drug convicts subject to deportation in the sense that they certainly become deportable, not in the sense that plea counsel should know and state with certainty that the federal government will, in fact, initiate deportation proceedings.**

*Id.* at 842 (citations omitted and emphasis added).[5]

The PCRA court provided a detailed and reasoned analysis why it denied Appellant's post-conviction relief petition:

> Instantly, evidence credited by [the PCRA court] at the PCRA hearing demonstrated that plea counsel had been practicing as a

---

[4] **Escobar** involves the same statute that is at issue in the present case, and is factually similar in that counsel in **Escobar** told his client that there was a deportation risk in pleading guilty, but failed to tell his client that he would be deported.

[5] This Court recognizes the factual differences between **Padilla** and the instant case. In **Padilla**, counsel assured Padilla that his conviction would not result in deportation. In this case, plea counsel testified, which the PCRA court credited, that he told Appellant of the "high probability" of deportation when pleading guilty. N.T.4/8/2015 at 10.

criminal defense attorney for approximately a decade when he began representing [Appellant] in this case. He has represented non-American citizens in criminal matters and at the time of [Appellant]'s guilty plea knew that counsel had a duty to inform clients of potential immigration consequences. While PCRA counsel attempted to make much at the hearing of plea counsel's inability to cite with precision certain passages from **Padilla**, [plea counsel] testified the he was aware of the case and the duty it imposes on counsel. He testified, in particular, that:

> "I know that you have to inform them that there are consequences, immigration consequences, when they are taking a plea of guilty to anything that could cause an immigration issue. And in the case at hand, I had spoke to them about- - spoke to them, meaning your client now and my client at the time and his girlfriend, regularly that there were immigration consequences in this case."

Fabick told [Appellant] that if he were convicted of the charged drug crimes, there was a "high probability" that he would be deported. Fabick testified candidly that he could not tell [Appellant] with one-hundred percent certainty that he would be deported, but he knew and made [Appellant] aware that if he were convicted of any of the drug crimes he faced a high probability of deportation. Fabick reviewed immigration statutes with the [Appellant] and told him that the drug offenses he had been charged with could cause removal. [Appellant's] main goal in his criminal case, however, was to avoid jail time. [The PCRA court] did not credit the after-the-fact testimony that [Appellant] was most concerned about deportation. The credited evidence from the PCRA hearing demonstrated that [Appellant] did not want to go to jail and pleaded guilty in return for a probationary sentence despite being informed by plea counsel that he faced a high likelihood of deportation.

[The PCRA court] also rejected [Appellant's] assertion that plea counsel had an obligation to creatively negotiate an immigration-friendly deal. The record demonstrates that, despite plea counsel's best efforts, the Commonwealth was unwilling to negotiate an offer better than [Appellant] received. As for [Appellant's] claim that he would have gone to trial but for plea counsel's alleged misadvice, [the PCRA court] credited plea

counsel's testimony that the Commonwealth's case against [Appellant] was strong, [Appellant] did not want to go to trial and [Appellant] primarily wanted to avoid a jail sentence.

PCRA Court Opinion, 7/10/2015, at 7-8 (citations removed).

We find the PCRA court's decision is aligned with our previous holdings and this Court's interpretation of **Padilla**.[6] Furthermore, the PCRA court's factual findings are binding upon this Court, as they are supported by the record and based upon the PCRA court's credibility determinations. **Commonwealth v. Spotz**, 47 A.3d 63, 75 (Pa. 2012) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court….").

Moreover, while Appellant's PCRA petition states that plea counsel failed to provide Appellant accurate information regarding deportation risks, Appellant's brief to this Court does not deny that plea counsel addressed these concerns with Appellant.[7] Additionally, during Appellant's guilty plea hearing, plea counsel asked Appellant if he understood "that these two

---

[6] Appellant contends that our holding in **Escobar** "virtually nullifies the protections provided by the U.S. Supreme Court in **Padilla**." Appellant's Brief at 20. Not only do we disagree, but in making such an argument, Appellant is requesting us to disregard and overrule a previous decision made by a panel on this Court. That we cannot do. **See Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court.").

[7] **See** Appellant's Brief at 12 ("While plea counsel **may have successfully communicated to [Appellant] that there was a risk**, the record demonstrates that plea counsel fell short of advising [Appellant] that he would almost certainly be deported if he pled guilty to receipt of commerce.") (emphasis added).

offenses [he is] pleading [guilty to] could have some effects on [his] ability to gain citizenship and [his] ability to retain that green card." N.T., 7/2/2014 at 9. Appellant responded "yes." *Id.* This testimony, which Appellant denied having occurred when questioned at his PCRA hearing, directly contradicts Appellant's testimony and averments within his PCRA petition that plea counsel "stated there was no risk of deportation as [Appellant] was a legal permanent resident of the United States." PCRA Petition, 10/16/2014, at 8.

Accordingly, we find that the PCRA court properly dismissed Appellant's petition, and as such, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/6/2016