J-S27034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| YVES D. JEUDY, | : | |
| | : | |
| Appellant | : | No. 1678 EDA 2017 |

Appeal from the PCRA Order May 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007194-2011

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 06, 2018**

Appellant, Yves D. Jeudy, appeals from the May 18, 2017 Order entered in the Philadelphia County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. He challenges the effectiveness of plea counsel for failing to inform him of the certainty of his deportation. After careful review, we affirm.

The underlying facts are not relevant to the instant appeal. Briefly, on September 4, 2010, Appellant fired a gun multiple times at the victim, striking him in the ankle. The Commonwealth charged Appellant with, *inter alia*, Attempted Murder and related assault and firearms offenses.

On July 18, 2013, Appellant entered an open guilty plea to one count each of Aggravated Assault and Possession of an Instrument of Crime.[1] In exchange, the Commonwealth *nolle prossed* several charges.[2] Appellant executed a written guilty plea colloquy, and the court conducted a thorough colloquy in open court. In both colloquies, Appellant acknowledged the risk of his deportation.

The court accepted Appellant's guilty plea as knowing and voluntary, and imposed an aggregate term of three to six years' incarceration, followed by four years' probation. Appellant did not appeal or challenge the validity of his plea.

On July 11, 2014, Appellant filed a *pro se* PCRA Petition, alleging ineffective assistance of plea counsel regarding counsel's advice about the immigration consequences of his plea. He averred that because of counsel's deficient advice, his plea was not knowingly entered. The PCRA court appointed counsel, who subsequently filed an Amended PCRA Petition claiming that Appellant's plea counsel provided him "incorrect information regarding the consequences of his plea on his immigration status." Appellant's Amended PCRA Petition, 10/9/15, at 2.

---

[1] 18 Pa.C.S. § 2702 and 18 Pa.C.S. § 907, respectively.

[2] The trial court also stated that "[t]he case was demandatorized from a five (5) year [mandatory] minimum[.]" PCRA Court Opinion, 11/13/17, at 1.

After providing notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on May 18, 2017.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the Appellant raise substantial issues of material fact to require that an evidentiary hearing be held prior to determination of the PCRA petition?

Appellant's Brief at 9.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." **Id.** There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806-07 (citation omitted).

Here, Appellant avers that his plea "counsel failed to advise [him] of the immigration consequences of his plea[,]" and the "advice of counsel was deficient and therefore [his] plea was not knowing and voluntary." Appellant's Brief at 11, 16 (citing *Padilla v. Kentucky*, 559 U.S. 356 (2010)). He avers that during the plea hearing "the court, while stating that no promises were made, assured the Appellant that the expectation was that he would not be deported." Appellant's Brief at 12.

In *Padilla*, decided by the U.S. Supreme Court in March 2010, plea counsel failed to advise Padilla of the deportation consequence of pleading

guilty, and advised him that he did not need to worry about his immigration status because he had been living legally in the United States for forty years. **Padilla**, 559 U.S. at 356. The U.S. Supreme Court reversed the denial of post-conviction relief, holding that in order "to ensure that no criminal defendant—whether a citizen or not—is left to the mercies of incompetent counsel[,] . . . counsel must inform her client whether his plea carries a risk of deportation." **Id.** at 374 (citation and quotation marks omitted).

The Court recognized that immigration law can be complex and is a legal specialty of its own, so that a "criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." **Id**. at 369. The Court then remanded the case for a determination of whether Padilla had been prejudiced by counsel's failure to inform his client of the risk of deportation.

Pennsylvania courts subsequently interpreted and applied the **Padilla** holding in a number of cases. **See**, **e.g.**, **Commonwealth v. Escobar**, 70 A.3d 838, 841-42 (Pa. Super. 2013) (holding that **Padilla** requires "counsel to inform a noncitizen defendant that there is a risk of deportation, not that deportation is a certainty."); **Commonwealth v. Wah**, 42 A.3d 335, 339-41 (Pa. Super. 2012) (rejecting ineffectiveness claim where counsel informed the defendant that there could be deportation consequences as a result of his plea

and suggested that he consult with immigration counsel); and

***Commonwealth v. McDermitt***, 66 A.3d 810, 814 (Pa. Super. 2013) (holding

that ***Padilla*** requires counsel to inform a non-citizen defendant of the **risk** of

deportation, not that deportation is a certainty).

Here, the PCRA court determined that Appellant knew and understood

when he pleaded guilty that deportation was a possible consequence of his

conviction. ***See*** PCRA Court Opinion, dated 11/13/17, at 1-3. The PCRA court

ultimately concluded that Appellant had not proven that plea counsel had

provided ineffective assistance. The PCRA court opined as follows:

> Transcripts of a guilty plea colloquy on July 18, 2013 between
> [Appellant] and the Honorable Chris R. Wogan are clear that
> [Appellant] was warned that a guilty plea may affect his
> immigration status, that chances are he would remain in the U.S,
> but critically, there were no promises this would happen.
>
>        *     *     *
>
> In addition to this oral colloquy, [Appellant] signed a written guilty
> plea colloquy containing [a warning about the risk of deportation.]
>
>        *     *     *
>
> [Appellant's] signature and his printed name are handwritten on
> the document containing the above warning.
>
> The two colloquies, oral and written, are dispositive. [Appellant]
> was advised and he was satisfied with his lawyer. There is no due
> process violation under [***Padilla***] as the constitutional
> requirement is that a defendant be aware of a risk of deportation,
> not that the risk is a certainty. [***Escobar***, 70 A.3d at 841-42].

PCRA Court Opinion, 11/13/17, at 1-3 (footnote and block quotations

omitted). We agree with the PCRA Court's legal analysis.

Prior to entering the plea, Appellant completed a written colloquy and participated in a full colloquy in open court. In the written plea colloquy, Appellant acknowledged the following warning by signing his name: "**RISK OF DEPORTATION (*If an Alien*)** I know that if I am not a United States citizen, it is possible I may be deported if I plead guilty to the crime(s) charged against me." Written Plea Colloquy, dated 7/18/13, at 3.

During the colloquy in court, Appellant acknowledged that (1) he was a citizen of another country; (2) he discussed "possible immigration repercussions" with his plea counsel; (3) no one made any promises about whether he would remain in the United States; and (4) he was satisfied with his legal representation. N.T., 7/18/13, at 11-12. Appellant also acknowledged reviewing and signing the written colloquy with counsel's assistance. *Id.* at 5.

Based on our review, we conclude that the record supports the PCRA court's determination that Appellant entered his guilty plea voluntarily, knowingly, and intelligently, and that plea counsel properly informed Appellant, as required by *Padilla*, that his guilty plea carried a risk of deportation.[3] Accordingly, we affirm the denial of PCRA relief.

Order affirmed.

---

[3] Moreover, Appellant is bound by his statements made at the plea colloquy under oath, and "he may not now assert[] grounds for withdrawing the plea which contradict the statements." *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citation omitted).

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/18