J-S01021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JERMAINE L. KERR :
:
Appellant : No. 959 MDA 2018

Appeal from the PCRA Order May 16, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000367-2016,
CP-22-CR-0002787-2015, CP-22-CR-0006724-2014,
CP-22-CR-0006728-2014

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.: **FILED JANUARY 25, 2019**

Jermaine L. Kerr (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 2, 2016, Appellant, a legal permanent resident of the United States and native of Jamaica, pled guilty to multiple counts of terroristic threats, simple assault, violations of the Controlled Substance, Drug, Device and Cosmetic Act, and one count of criminal trespass. The same day, the trial court sentenced Appellant to 60 months of probation. On November 9, 2016, the trial court revoked Appellant's probation for violating numerous conditions of his supervision, including, *inter alia*, violating the prohibition on possessing controlled substances. The same day, the trial court imposed a new sentence of 3 to 18 months of incarceration.

*Retired Senior Judge assigned to the Superior Court.

On March 6, 2017, Appellant filed a *pro se* petition for *habeas corpus* relief; the court properly treated the filing as a PCRA petition and appointed counsel, who filed an amended PCRA petition on January 10, 2018. **See** Pa.R.Crim.P. 904(C ). In the interim, Appellant was transferred to the custody of the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) officials in York County, Pennsylvania, where he currently remains.

The PCRA court held a hearing on Appellant's PCRA petition on March 1 and 22, 2018. On May 16, 2018, the PCRA court denied Appellant's petition. On June 12, 2018, Appellant timely appealed to this Court. Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal, Appellant presents the following issues for review:

1. Did the PCRA [c]ourt abuse its discretion and commit legal error when it declined to conclude that plea counsel's failure to advise [Appellant] that he faced deportation amounts to *per se* ineffectiveness which resulted in [Appellant] entering an unknowing, involuntary, and unintelligent plea?

2. Did the PCRA [c]ourt abuse its discretion and commit legal error when it declined to conclude that plea counsel's failure to procure a language interpreter during plea negotiations amounts to a denial of the right to counsel which resulted in [Appellant] entering an unknowing, involuntary, and unintelligent plea?

Appellant's Brief at 2-3.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

*Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).  "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

Appellant argues that the PCRA court erred in dismissing his ineffective assistance of counsel claims as they relate to his guilty plea.  For his first issue, Appellant asserts that the PCRA court erred in denying his claim that he did not enter a knowing, voluntary, and intelligent plea when plea counsel failed to inform him that he could face deportation by pleading guilty.  In response, the Commonwealth asserts that plea counsel had no way of knowing that Appellant was not an American citizen because he indicated that he was an American citizen on his application for representation.  For his second issue, Appellant argues that plea counsel was ineffective for failing to procure an interpreter for his guilty plea proceedings and that this likewise resulted in a plea that was not knowing, voluntary, and intelligent.  We address these issues together.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance.  *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014).  To overcome that presumption, the petitioner must establish:  "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3)

the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Bomar**, 104 A.3d at 1188.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (quotations and citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (quotations and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (quotations and citations omitted). "The reasonable probability test is

- 4 -

not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome." *Id.* (quotations and citations omitted).

With respect to valid guilty pleas, this Court has explained:

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citations omitted); *see also* Pa.R.Crim.P. 590.

Importantly, the United States Supreme Court has held that counsel must inform a noncitizen defendant whether a plea carries a risk of deportation. *Padilla v. Kentucky,* 559 U.S. 356, 374 (2010). In *Padilla*, the Supreme Court explained:

> When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.

*Id.* at 369 (footnote omitted). This Court has held that ***Padilla*** requires counsel to inform a defendant about the risk of deportation, but not its certainty. ***Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa. Super. 2013); ***see also Commonwealth v. McDermitt***, 66 A.3d 810, 814 (Pa. Super. 2013) (holding that plea counsel's advice that defendant's guilty plea would render him "deportable" was not ineffective).

In rejecting Appellant's claims, the PCRA court stated:

> Here, [Appellant]'s written and signed assertion that he was an American citizen removes him from the protection of ***Padilla***, ***supra***, and ***Escobar***, ***supra***. This [c]ourt credited the testimony of [Appellant]'s plea counsel . . . that she was unaware of [Appellant]'s status as a non-citizen. Because [Appellant] specifically asserted his status as an American citizen in his application, there was no reason whatsoever for [plea counsel] to inform [Appellant] of a risk of deportation. Moreover, [plea counsel] indicated the she and [Appellant] did not have a problem communicating, thereby removing the need to procure a language interpreter. [Plea counsel] facilitated a negotiated plea deal with [Appellant], and he agreed to all terms. His colloquy affirmatively demonstrated that [Appellant] understood what the plea connoted and its consequences. The record simply belies [Appellant]'s assertion that his plea was unknowing, that he should have been provided with an interpreter, and that counsel was ineffective.

PCRA Court Opinion, 9/26/18, at 4.

Based upon our review of the certified record on appeal, including the transcripts of Appellant's guilty plea and PCRA hearings, and his written guilty plea colloquy, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition. The record supports the PCRA court's determination that plea counsel was not ineffective and that Appellant's guilty plea was knowing, voluntary, and intelligent.

At Appellant's PCRA hearing, plea counsel testified:

Whenever someone fills out an application for representation, one of the questions on there is whether or not they are an American citizen, you circle yes or no. Whenever I look at the file before I meet with my client, I look at this to see their status, their prior record, anything like that. He filled out his application and wrote he was an American citizen. So I would not have talked to him about that.

N.T., 3/22/18, at 5-6.

Thus, plea counsel's testimony reflects that as a matter of course, when plea counsel reviews the application for representation of her appointed clients, she checks whether her clients are American citizens. ***See id.*** Appellant explicitly marked that he was an American citizen on his application for representation. ***Id.***, Exhibit 1. Additionally, our review of the record reveals that Appellant did not otherwise indicate that he was not an American citizen prior to his guilty plea. Although Appellant asserts that plea counsel should have informed him about the risks of deportation associated with pleading guilty "[i]n an abudance of caution," Appellant's Brief at 12, he cites no authority indicating that plea counsel should have disregarded Appellant's notation in his application for representation that he was an American citizen. Therefore, the record support's the PCRA court's conclusion that plea counsel had no reason to believe that Appellant was not an American citizen, and consequently, plea counsel was not ineffective for failing to advise Appellant of the risk of deportation associated with pleading guilty.

With respect to Appellant's claim that plea counsel was ineffective for failing to procure the assistance of an interpreter, plea counsel testified that she was unaware that Appellant could not speak, write, or understand the English language and that she had no issue communicating with him. *Id.* at 8-9. Moreover, in his written guilty plea colloquy, Appellant specifically indicated that he was able to read and write and understood all of the terms of his guilty plea. *See* Guilty Plea Colloquy, 3/2/16. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). Therefore, the record likewise supports the PCRA court's conclusion that plea counsel was not ineffective for failing to procure the assistance of an interpreter, as it had no demonstrable effect on Appellant's ability to understand the terms of the guilty plea.

Finally, we note that the PCRA court credited plea counsel's testimony relating to her belief that Appellant was an American citizen and that he was able to read and communicate in the English language. "[W]e are bound by the PCRA court's credibility determinations when they are supported by the record." *Commonwealth v. Williams*, 141 A.3d 440, 475 (Pa. 2016). Because the record supports the PCRA court's credibility determinations, we

conclude that the PCRA court did not abuse its discretion in determining that Appellant's guilty plea was knowing, voluntary, and intelligent.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/25/2019