**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Israel ESCOBAR, Appellee.**

Superior Court of Pennsylvania.

Submitted May 20, 2013.

Filed July 9, 2013.

Chad A. Martinez, Assistant District Attorney, Stroudsburg, for Commonwealth, appellant.

Jacquelyn M. Kline, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., PANELLA and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

The Commonwealth appeals the order granting Israel Escobar's petition under the Post Conviction Relief Act ("PCRA"). The order vacated Escobar's conviction and listed his case for trial. We reverse the order and remand this case with instructions.

The record reveals the following facts. Escobar pled guilty to possession with intent to deliver a controlled substance ("PWID"). The controlled substance was cocaine. Prior to the plea, Escobar's counsel informed him it was "likely and possible" that deportation proceedings would be initiated against him. N.T., 10/24/11, at 5. Also, Escobar signed a written plea colloquy containing two entries indicating Escobar understood deportation was possible. Additionally, counsel's PCRA testimony would eventually indicate counsel advised Escobar, before he pled guilty, that he faced a substantial deportation risk.

After his guilty plea, Escobar was sentenced. He took no direct appeal. Through counsel, he filed a timely PCRA petition. Therein, he asserted the federal government had begun deportation proceedings against him because of his PWID conviction. Escobar further contended his guilty plea had been involuntary and his plea counsel was ineffective because counsel had not properly advised him of the deportation consequences arising from his conviction.

After a PCRA hearing, the court granted Escobar relief. In doing so, the court found plea counsel was ineffective in not providing sufficient advice concerning the risk of deportation. The court also determined Escobar's plea was therefore invalid.

The foundation of the PCRA court's reasoning was the court's belief that counsel was required to tell Escobar his deportation would, in fact, result from his plea, and not just that deportation was likely to result.

The relevant deportation statute is:

Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is *deportable.*

8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added).

Section 1227 also provides that, upon order of the United States Attorney General, deportable aliens listed in the statute shall be removed from the country. *Id.* § 1227(a).

Believing that Section 1227(a)(2)(B)(i) made it clear that Escobar's PWID conviction would necessarily render him deportable, the court reasoned counsel's advice was not sufficiently definite. That is, the PCRA court determined that, while counsel did advise Escobar about the risk of deportation to some extent, the advice was inadequate because it did not state with certainty that Escobar would be deported.

The Commonwealth filed this appeal arguing the PCRA court erred in finding counsel's deportation-related advice deficient.

Several legal principles are relevant to our resolution of this matter.

* Retired Senior Judge assigned to the Superior Court.

■ To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 678 (2009). Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Id.*

■ We note also that allegations of ineffectiveness in connection with a guilty plea cannot warrant relief unless counsel's ineffectiveness caused an involuntary, unknowing or unintelligent plea. *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010). Where the defendant enters a plea on counsel's advice, the voluntary and knowing nature of that plea turns on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. *Id.*

■ We will not disturb a PCRA court's order unless it is unsupported by the record or contains legal error. *Commonwealth v. Boyer*, 962 A.2d 1213, 1215 (Pa.Super.2008).

■ The U.S. Supreme Court has held that counsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010). Also, the *Padilla* court observed that some potential deportation situations are unclear and uncertain while other deportation situations are truly clear. *Id.* at 1483. In this vein, the court commented that, when the relevant deportation law is not succinct and straightforward, counsel need do no more than advise the client that the charges/conviction *may* carry a risk of deportation. *Id.* However, when the deportation consequence is truly clear, "the duty to give **correct advice** is equally clear." *Id.* (emphasis added).

The PCRA court essentially interpreted the words "the duty to give correct advice is equally clear" to mean that, because the instant statute clearly made Escobar deportable by virtue of his drug conviction, counsel was required to tell Escobar that he would, in fact, be deported.

■ We disagree with the court's application of the law. We do not agree that giving "correct" advice necessarily means counsel, when advising Escobar about his deportation risk, needed to tell Escobar he definitely would be deported. It is true that 8 U.S.C. § 1227(a)(2)(B)(i) does lead to the conclusion that Escobar's PWID conviction certainly made him *deportable.* However, whether the U.S. Attorney General and/or other personnel would necessarily take all the steps needed to institute and carry out Escobar's actual deportation was not an absolute certainty when he pled. Given that Escobar did know deportation was possible, given that counsel advised him there was a substantial risk of deportation, and given that counsel told Escobar it was likely there would be deportation proceedings instituted against him, we find counsel's advice was, in fact, correct.

In a recent case involving a *nolo contendere* plea to PWID, the appellant argued counsel was ineffective for merely advising him he was deportable instead of telling him he actually would be deported. A panel of this Court held that *Padilla* requires counsel to inform a noncitizen defendant that there is a risk of deportation, not that deportation is a certainty. *Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa.Super.2013). We understand the *McDermitt* court then arguably expressed some equivocation, stating, "[E]ven if *Padilla* required such information, it was not necessary" in *McDermitt* because the fed-

eral government had already begun deportation proceedings against McDermitt by the time of his plea and he was, therefore, well aware he could be deported. *Id.* Despite this arguable equivocation about what *Padilla* requires, we believe *McDermitt* supports our decision today.

In reaching our result, we are mindful that the *Padilla* court specifically considered 8 U.S.C. § 1227(a)(2)(B), the same immigration/deportation statute at issue in the present case. When it did so, the court concluded that the statute clearly made Padilla *"eligible* for deportation" and that "his deportation was *presumptively* mandatory." *Padilla,* 130 S.Ct. at 1483 (emphasis added). These remarks by the court were consonant with the terms of the statute indicating most drug convictions render a defendant *deportable.* We do not read the statute or the court's words as announcing a guarantee that actual deportation proceedings are a certainty such that counsel must advise a defendant to that effect.

Moreover, in *Padilla,* the court accepted as true Padilla's allegations that counsel told him he need not worry about deportation because he had lived in this country for so long. *Id.* at 1478, 1483. That advice was markedly different from present counsel's advice to Escobar that deportation proceedings were likely.

We do acknowledge that parts of the *Padilla* opinion contain language arguably supporting the notion that plea counsel in some cases may have a duty to provide a rather certain indication of deportation. For example, at one point, the *Padilla* court agreed competent counsel would have told Padilla he was "subject to automatic deportation." *Id.* at 1478. At another point, the court indicated the instant deportation statute "commands" deportation for virtually all drug convictions. *Id.* at 1483. The opinion likewise observes that deportation for certain convictions is "practically inevitable." *Id.* at 1480.

Even still, we think the court's overall emphasis was that the deportation statute in question makes most drug convicts subject to deportation in the sense that they certainly become deportable, not in the sense that plea counsel should know and state with certainty that the federal government will, in fact, initiate deportation proceedings.

Ultimately, when announcing its holding, the *Padilla* court opined, "[W]e now hold that counsel must inform [the] client whether [the] plea carries a risk of deportation." *Id.* at 1486. Here, counsel did advise Escobar his plea carried a risk of deportation. In fact, counsel told Escobar deportation proceedings were likely. Present counsel's advice was within the range of competence demanded of attorneys in criminal cases.

■ Because counsel's advice was not deficient, there is no merit to Escobar's claim that counsel should have advised him differently. Thus, Escobar has not established counsel was ineffective. Similarly, Escobar has not established counsel's conduct induced an unknowing, involuntary or unintelligent plea. Therefore, the PCRA court erred legally in finding counsel ineffective and in finding Escobar's plea invalid.

Based on the foregoing reasons, we reverse the PCRA court's order and remand this case with instructions that the court reinstate Escobar's conviction and judgment of sentence as previously imposed.

Order reversed. Case remanded with instructions to reinstate conviction and judgment of sentence. Jurisdiction relinquished.