. CIKLIN, C.J.,
dissenting.
I respectfully dissent. The trial judge advised the defendant during the plea colloquy that he “probably” will be deported. This has not been shown to be inaccurate.
Requiring an attorney to provide definitive advice that deportation is “certain” may compel attorneys to provide wrong advice. See State v. Shata, No. 2013AP1437-CR, 2015 WL 4112673, at *19-20 (Wis. July 9, 2015) (holding that *639 lawyer’s advice that there was a “strong chance” of deportation was not deficient and attorney was not required to tell him that his conviction would “absolutely result” in deportation). As explained in Shata, federal officials have prosecutorial discretion as to removal proceedings, and there may be “avenues for deportable aliens to avoid deportation.” Id. at *14. Other courts have concluded that an attorney is not required to advise a client that deportation is certain to occur. Commonwealth v. Escobar, 70 A.3d 838, 841 (Pa.Super.Ct.2013)(concluding that counsel’s advice that deportation was likely and possible was correct and not deficient), appeal denied, 624 Pa. 680, 86 A.3d 232 (2014); Chacon v. State, 409 S.W.3d 529, 537 (Mo.Ct.App.2013) (holding that counsel’s advice that it was “very likely” defendant would be deported was not deficient).
Immigration law is often complex, and state courts and criminal defense lawyers are generally not well versed in it. Requiring state courts to make definitive pronouncements and delve deep into immigration law matters in postconviction proceedings may further complicate the law.
I would hold that the court’s accurate warning in this case conclusively refutes the potential prejudice.