J. S04038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                 v.             :
                                :
HERNAND ALBERTO,                :         No. 1159 MDA 2017
                                :
              Appellant         :


Appeal from the PCRA Order, June 27, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0006074-2013


BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 21, 2018**

Hernand Alberto appeals from the June 27, 2017 order entered in the

Court of Common Pleas of Lancaster County that dismissed his petition filed

pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546

("PCRA").  We affirm.

The PCRA court set forth the following:

> [Appellant] was charged with allegedly having
> committed the offense of Possession with Intent to
> Deliver a Controlled Substance [(heroin)], pursuant
> to 35 [P.S.] § 780-113(a)(30) [("PWID")].
> [Appellant] entered a guilty plea to said offense on
> April 14, 2016.  At such time, [appellant] was
> represented by Cory J. Miller, Esquire.  [Appellant]
> was sentenced on April 14, 2016, pursuant to a
> negotiated plea agreement, to serve a period of
> incarceration of not less than six nor more than
> twenty-three months, to be followed by two years of
> probation on a split sentence basis.  No direct appeal
> was filed by [appellant].

> [Appellant] filed a timely [m]otion for [PCRA] [r]elief on November 4, 2016. The Commonwealth filed an [a]nswer thereto on December 15, 2016. Accordingly, by Order dated December 15, 2016, the court scheduled an evidentiary hearing to be held on February 9, 2017. Subsequently, by Order dated December 16, 2016, the court rescheduled said hearing for March 17, 2017. Said evidentiary hearing was held before the court and legal memorandums were submitted by the parties.

PCRA court opinion and order, 6/27/17 at 1.

The record reflects that on June 27, 2017, the PCRA court entered an order denying appellant PCRA relief. Appellant filed a timely notice of appeal to this court. The PCRA court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. In response, and in order to comply with Pa.R.A.P. 1925(a), the PCRA court entered an order on August 9, 2017, wherein it attached its June 27, 2017 opinion that sets forth its reasons for denying appellant PCRA relief.

Appellant raises the following issue for our review:

> Under **Padilla v. Kentucky**, [559 U.S. 356 (2010),] an attorney is constitutionally ineffective when he fails to provide his noncitizen client with accurate advice about the clear immigration consequences of a guilty plea. In Pennsylvania, a PWID conviction results in mandatory deportation for a noncitizen. Did the PCRA court err in refusing to grant [appellant] relief where his attorney failed to inform him that a guilty plea to PWID heroin would expose him to automatic deportation?

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Appellant's issue asserts ineffective assistance of guilty plea counsel.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. *Commonwealth v. Rollins*, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. *See Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. *Id.* In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. *See Rollins*, 738 A.2d at 441; *Commonwealth v. (Charles) Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" *See Rollins*, 738 A.2d

> at 441 (quoting *Travaglia*, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. *Commonwealth v. (Michael) Pierce*, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007).

Allegations of ineffective assistance of counsel in connection with a guilty plea do not warrant relief unless counsel's ineffectiveness caused an involuntary, unknowing, or unintelligent plea. *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa.Super. 2013), *appeal denied*, 86 A.3d 232 (Pa. 2014) (citation omitted). Where the defendant enters a plea on counsel's advice, its voluntary and knowing nature turns on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. *Id.* We will not disturb a PCRA court's order unless it is unsupported by the record or contains legal error. *Id.* "[C]ounsel must inform a noncitizen defendant as to whether a plea carries a risk of deportation." *Id.* citing *Padilla*, 559 U.S. at 373.

Since *Padilla*, this court has reviewed cases involving immigration and deportation consequences in light of the standard set forth by the United States Supreme Court. Specifically, in *Escobar*, a case involving drug

offenses that render an alien offender presumptively deportable, we interpreted *Padilla*, as follows:

> We do acknowledge that parts of the *Padilla* opinion contain language arguably supporting the notion that plea counsel in some cases may have a duty to provide a rather certain indication of deportation. For example, at one point, the *Padilla* court agreed competent counsel would have told Padilla he was "subject to automatic deportation." At another point, the court indicated the instant deportation statute "commands" deportation for virtually all drug convictions. The opinion likewise observes that deportation for certain convictions is "practically inevitable."
>
> Even still, we think the [C]ourt's overall emphasis was that the deportation statute in question makes most drug convicts subject to deportation in the sense that they certainly become deportable, not in the sense that plea counsel should know and state with certainty that the federal government will, in fact, initiate deportation proceedings.
>
> Ultimately, when announcing its holding, the *Padilla* [C]ourt opined, "[W]e now hold that counsel must inform [the] client whether [the] plea carries a risk of deportation." *Id.* at 1486. Here, counsel did advise Escobar his plea carried a risk of deportation. In fact, counsel told Escobar deportation proceedings were likely. Present counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Escobar*, 70 A.3d at 842 (internal citations omitted).

Here, the record demonstrates that appellant was informed that his guilty plea carried the risk of deportation. In his 75-question written guilty plea colloquy, appellant acknowledged, among other things, that he was not a United States citizen and that he understood that there may be

immigration consequences as a result of his guilty plea. (Guilty plea colloquy and post-sentence rights, 4/14/16 at 1.)[1] The colloquy further demonstrates that (1) it was appellant's decision to plead guilty; (2) appellant read all of the written guilty plea colloquy and understood it; (3) appellant had sufficient time to review the colloquy with his attorney; (4) appellant understood all of the information in the colloquy; and (5) appellant was aware of the consequences of his guilty plea. (***Id.*** at 4, 6.)

Additionally, the oral guilty plea colloquy reveals that the following took place:

> THE COURT: [] In reviewing the colloquy, sir, I see here that you are not a United States citizen.
>
> [APPELLANT]: Yeah.
>
> THE COURT: You are a citizen of?
>
> [APPELLANT]: Dominican Republic.
>
> THE COURT: Do you understand, as a result of your plea, there may be immigration consequences which could include possibly your deportation?
>
> [APPELLANT]: I understand that.
>
> THE COURT: And understanding that, do you still wish to present your guilty plea here today?
>
> [APPELLANT]: Yeah.

---

[1] At the March 17, 2017 PCRA evidentiary hearing, the PCRA court admitted appellant's April 14, 2016 written guilty plea colloquy and post-sentence rights form into evidence as Commonwealth's exhibit 1. (Notes of testimony, 4/14/16 at 58.)

- 6 -

. . . .

MR. MILLER:  Briefly, Your Honor.

First of all, as far as his immigration status, I've known [appellant] since the beginning of his preliminary hearing.  We discussed this issue.  I've encouraged him to reach out to an immigration attorney if he had some concerns.  I don't believe he's done that.

Obviously, I think there are immigration consequences from something like this.  I think the way the colloquy is written is in a best-case scenario, and I am concerned about [appellant's] situation.  But as he pointed out, it is what it is.

THE COURT:  Is that correct, sir?  You understand that to be the situation?

[APPELLANT]:  Yeah, I understand that, sir.

Notes of testimony, 4/14/16 at 7-9.[2]

With respect to the PCRA evidentiary hearing, the PCRA court summarized guilty plea counsel's testimony as follows:

[Appellant's] claims are further refuted by the testimony of [appellant's guilty plea counsel], Cory J. Miller, Esquire, presented at the evidentiary hearing held on March 17, 2017, which the court finds as being wholly credible in nature.  Attorney Miller testified that he discussed the possible immigration consequences of [appellant's] guilty plea with [appellant] and explained to [appellant] that he was charged with a felony that "would and could" lead to immigration consequences.  Although Attorney Miller did not specifically recall whether he actually referred

---

[2] At the March 17, 2017 PCRA evidentiary hearing, the PCRA court admitted appellant's April 14, 2016 oral guilty plea colloquy into evidence as appellant's exhibit 1.  (Notes of testimony, 4/14/16 at 58.)

> [appellant] to an immigration attorney, Attorney Miller testified that he generally would have referred [appellant] to a local immigration attorney, such as Troy Mattes, Esquire[,] to discuss the ramifications of a conviction on [appellant's] immigration status. Attorney Miller further testified that while he did not recall if he specifically told [appellant] that the felony conviction that he was pleading to was going to result in certain deportation, he would have discussed the immigration consequences of a guilty plea to this particular offense with [appellant].

Trial court opinion, 6/27/17 at 9 (citations to notes of testimony omitted).

Based on the record before us and viewed in the light most favorable to the Commonwealth, we find that the record supports the PCRA court's determination that appellant entered his guilty plea voluntarily, knowingly, and intelligently and that guilty plea counsel informed appellant, a noncitizen, that his guilty plea carried a risk of deportation. Accordingly, guilty plea counsel's advice was within the range of competence demanded of attorneys in criminal cases. Consequently, appellant's ineffectiveness claim necessarily fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2018

- 8 -