J-S84002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWIN G. CASTILLO MELO | : | |
| | : | |
| Appellant | : | No. 831 MDA 2017 |

Appeal from the PCRA Order April 17, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001776-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 21, 2018**

Appellant, Edwin G. Castillo Melo, appeals from the April 17, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court provided the background in this matter as follows:

> On April 16, 2015, [Appellant] was charged with two counts of delivery of a controlled substance, one count of criminal use of communication facility, possession of controlled substance and possession of drug paraphernalia. These charges resulted from sales of heroin made by [Appellant] to a confidential informant on April 15, 2015 and April 16, 2015 in the City of Hazleton.
>
> [Appellant] pled guilty to two counts of delivery of a controlled substance[, 35 P.S. § 780–113(a)(30),] on December 4, 2015. Sentencing took place on February 19, 2016. [Appellant] received concurrent sentences of twenty-four months in the county intermediate punishment program with first six months being served on house arrest.

[Appellant] filed no post-sentence motions or appeal. [On July 14], 2016, [Appellant] filed a [timely] Motion for Post-Conviction Collateral Relief.

PCRA Court Memorandum, 4/17/17, at unnumbered 1. In an order filed on April 17, 2017, the PCRA court denied Appellant's PCRA petition.

On May 16, 2017, Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 12, 2017, the PCRA court filed a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a) and attached a copy of its April 17, 2017 memorandum as support for its order denying Appellant's PCRA petition.

On appeal, Appellant argues that the PCRA court erred when it denied his PCRA petition. Specifically, Appellant, who is not a United States citizen, alleges plea counsel was ineffective in failing to advise him of the consequences that entering guilty pleas would have on his immigration status. Appellant's Brief at 4. Appellant claims that his guilty pleas were involuntary due to the incomplete information provided by counsel, and Appellant would not have pleaded guilty had he known of the deportation risks. *Id.* at 19-22.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be

disturbed unless there is no support for the findings in the certified record. ***Id.*** We defer to the PCRA court's factual findings and credibility determinations that are supported by the record. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). Our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Sam***, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted).

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) petitioner was prejudiced by counsel's action or omission. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any one of the three prongs. ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). The burden of proving ineffectiveness rests with the petitioner. ***Commonwealth v. Rega***, 933 A.2d 997, 1018 (Pa. 2007). Moreover, claims of ineffectiveness in

connection with a guilty plea do not warrant relief unless counsel's ineffectiveness caused an involuntary, unknowing, or unintelligent plea. ***Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa. Super. 2013) (citation omitted).

Appellant avers pursuant to the holding in ***Padilla v. Kentucky***, 559 U.S. 356 (2010), that plea counsel was ineffective for failing to advise him regarding the consequences that pleading guilty to felony drug charges would have on his immigration status. Appellant's Brief at 11. Appellant also cites to ***Commonwealth v. Barndt***, 74 A.3d 185 (Pa. Super. 2013) as support for his claim that counsel was ineffective in failing to provide accurate information regarding the collateral consequences of his plea. Appellant's Brief at 14. We conclude that Appellant is not entitled to relief.

In ***Padilla***, the United States Supreme Court held that counsel's failure to advise a client in a criminal case about the possible immigration consequences of a guilty plea constituted a denial of the right to counsel. ***Padilla***, 559 U.S. at 374. Additionally, "when the deportation consequence is truly clear … the duty to give correct advice is equally clear." ***Id.*** at 359; ***see also Barndt***, 74 A.3d at 193-194 (discussing, *inter alia*, ***Padilla*** and counsel's duty to provide accurate information).

In the case at bar, Appellant was aware of his risk of deportation. As the PCRA court noted:

> [Appellant] testified that he entered the United States in 1998. He also testified that he is a legal resident of the United

- 4 -

States and not a citizen. After meeting with his attorney twice at his office as well as in court, [Appellant] pled guilty. A discussion regarding possible deportation took place in the hallway following the entry of his guilty plea. During that discussion, [Appellant] asked his counsel if he would be deported and counsel allegedly responded by saying "maybe yes, maybe no." [Appellant] further testified that he would not have pled guilty had he known he would be deported. On cross examination, [Appellant] did admit that he discussed citizenship during his first meeting with counsel.

The testimony of an attorney who was qualified as an expert in immigration law was also presented by [Appellant]. This attorney testified that [Appellant] was subject to guaranteed deportation based upon his guilty plea to the two deliveries. He also testified that [Appellant] had applied to become a United States citizen on October 1, 2015 but was denied because he couldn't speak English or pass a civics test. On cross examination, the attorney conceded that [Appellant] had a meeting with United States Immigration Services in May, 2015 which was the month after he initially met with counsel.

The Commonwealth presented the testimony of Attorney Joseph F. Sklarosky, Sr. He testified that he has been an attorney for forty-four years and ninety-eight percent of his practice focused on criminal defense. Attorney Sklarosky referred to a criminal intake sheet he prepared on April 24, 2015 during his initial meeting with [Appellant]. On the sheet, Attorney Sklarosky indicated [Appellant's] race to be Dominican. He also noted that [Appellant] had a green card. Attorney Sklarosky testified that it was his practice to advise [Appellant] to consult an immigration attorney since the charges he was facing may affect his immigration status. Although he had no independent recollection of telling [Appellant] about the possible immigration consequences, he did testify that it was his custom to always do so.

* * *

[Appellant] testified that he initially raised the deportation issue with Attorney Sklarosky following the entry of his guilty plea. Clearly he had concerns regarding his immigration status. [Appellant's] expert acknowledged that [Appellant] met with United States Immigration Services approximately one month

after his initial meeting with counsel. He also applied for citizenship on October 1, 2015. Both of these events occurred prior to the entry of his guilty plea on December 4, 2015. The actions taken by [Appellant] support a finding that he had knowledge of his possible deportation. Finally, this Court finds the testimony provided by Attorney Sklarosky at the PCRA Hearing to be credible. This Court has no hesitation in concluding that Attorney Sklarosky followed his practice by advising [Appellant] to consult an immigration attorney since the charges filed against him may affect his immigration status.

PCRA Court Memorandum, 4/17/17, at unnumbered 3-5.

We conclude that Attorney Sklarosky's testimony does not precisely establish what he told Appellant. However, the PCRA court determined that Attorney Sklarosky credibly testified it was his custom to inform non-citizens that immigration issues and possible deportation could occur if there was a conviction or guilty plea. PCRA Court Memorandum, 4/17/17, at unnumbered 5. Indeed, counsel was required to inform Appellant of his deportation risk, but counsel was not required to tell Appellant that deportation was a forgone conclusion. *Escobar*, 70 A.3d at 841.

Based on the record before us, and viewing the evidence in the light most favorable to the Commonwealth,[1] we conclude that the PCRA court had support for its finding that Appellant entered his guilty plea knowingly, voluntarily, and intelligently and that Appellant was apprised that his guilty pleas carried a risk of deportation. N.T., 4/3/17, at 11-14. Accordingly, we

_____

[1] *Sam*, 952 A.2d at 573.

- 6 -

conclude that Appellant is entitled to no relief, and we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018