J-S78005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAINERY HERNANDEZ-CARABALLO :
:
Appellant : No. 953 EDA 2018

Appeal from the PCRA Order February 21, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003210-2016,
CP-39-CR-0004941-2016

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:              **FILED FEBRUARY 14, 2019**

Rainery Hernandez-Caraballo ("Hernandez") appeals from the order, entered February 21, 2018, which dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Hernandez alleged ineffectiveness of counsel, arguing counsel failed to adequately inform him of the deportation-related consequences of his guilty plea.  Finding no error, we affirm.

Hernandez was charged and pleaded guilty in two different cases.  On August 26, 2016, Hernandez entered a guilty plea for possession of drug paraphernalia,[2] at docket number CP-39-CR-3210-2016 (hereinafter 3210). On December 16, 2016, he entered a guilty plea for possession of a controlled

---

[1] 42 Pa.C.S.A §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(32).

---

\*   Former Justice specially assigned to the Superior Court.

substance,[3] possession of drug paraphernalia,[4] and public drunkenness[5] on docket number CP-39-CR-4941-2016 (hereinafter 4941). The PCRA court summarized the relevant facts as follows:

> [Hernandez] is a citizen of the Dominican Republic, and was a lawful permanent resident of the United States when he was charged . . . . [Hernandez] proceeded without counsel in 3210 . . . . He was placed on six (6) months['] probation.
>
> The guilty plea proceedings in 3210 included both a written and oral colloquy. The written colloquy was in both Spanish and English. [Hernandez] also executed a written waiver of counsel, and an oral colloquy was conducted, as required by Pa.R.Crim.P. 121. Throughout the guilty plea, a court interpreter assisted [Hernandez], although [Hernandez indicated] that he had a rudimentary understanding of English.
>
> [Hernandez] did not notify the court during the guilty plea proceedings that he was a citizen of the Dominican Republic. Likewise, no questions were asked by the court about [Hernandez's] citizenship. The bulk of the guilty plea involved [Hernandez] accepting responsibility for the [d]rug [p]araphernalia charge. He explained that when he was arrested, he was an "active addict," but since that time he had completed a substance abuse program. Ultimately, no removal proceedings were initiated as a result of [Hernandez's] conviction for this charge of [p]ossession of [d]rug [p]araphernalia.
>
> The guilty plea proceedings in 4941 took place on December 16, 2016. At that time, [Hernandez], who was represented by counsel, entered a guilty plea to [p]ossession of a [c]ontrolled [s]ubstance, namely heroin. He was then sentenced to time [] served to twelve (12) months and granted immediate parole.

---

[3] 35 P.S. § 780-113(a)(16).

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S.A. § 5505.

An oral colloquy was conducted in [c]ourt with [Hernandez], with the assistance of an interpreter.  Additionally, a written colloquy, which was in both English and Spanish, was completed by [Hernandez].  Counsel explained that when he reviewed the guilty plea colloquy with [Hernandez], a court interpreter was with them.  The English portion of the written colloquy includes the following questions and responses:

> **QUESTION 4** – Have you discussed your citizenship status with your attorney?  Si_ x _ No ____
>
> **QUESTION 5** – If you are <u>not</u> a U.S. citizen, by pleading guilty your immigration status may be affected and you may be subject to removal from the United States.  Do you understand this?  Si_ x _ No ____

During the oral colloquy, defense counsel advised the [c]ourt that [Hernandez] was legally in the United States, but was a citizen of the Dominican Republic.  He also explained that he informed [Hernandez] that a guilty plea "could raise immigration consequences for him and if he wanted to consult with an immigration attorney" a continuance of the guilty plea proceedings could be requested.  [Hernandez] desired to proceed with his guilty plea.

Even though [Hernandez] wished to proceed with the guilty plea, warnings about immigration consequences of his guilty plea were explained by the court.  He acknowledged, in response to the [c]ourt's admonition, that he understood that he "may be subject to removal from this country" and that the new president has an immigration policy that "seems to be very strict."  At the conclusion of the colloquy, when asked if he was entering the guilty plea of his own free will, [Hernandez] responded affirmatively.  The guilty plea was accepted and [Hernandez] was granted immediate parole.

PCRA Court Opinion, 8/20/18, at 1-3 (footnotes omitted).

Hernandez is currently serving the parole portion of both sentences.

Immigration and Customs Enforcement (ICE) began removal proceedings,

based upon the 4941 conviction.  ICE incarcerated Hernandez in connection

with the removal proceedings.  Hernandez filed a timely PCRA petition, which the PCRA court denied on February 21, 2018.  Hernandez timely filed a notice of appeal on March 23, 2018.

Hernandez raises two issues for our review:

1.  Whether the trial court erred in finding that [Hernandez] was not denied his right to the effective assistance of counsel, as guaranteed by Art. I, § 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments of the United States Constitution, and due process as guaranteed by the Pennsylvania and United States Constitutions, by reasons of the failure of his guilty plea counsel to advise [Hernandez] that his plea of guilty to this offense made him subject to automatic deportation, with no realistic form of relief from removal and, further, with a permanent ban from any attempt to lawfully reenter the United States of America in any status, where consequences of his guilty plea could easily have been determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect or absent on the issue?

2.  Whether the trial court erred in finding that the [Hernandez's] guilty plea was not unlawfully induced under circumstances making it likely that the inducement would cause defendant to plea guilty, where the [c]ourt failed to conduct a complete guilty plea colloquy, to insure that [Hernandez's] guilty plea was knowingly and voluntarily made, and the [c]ourt failed to insure that [Hernandez] was aware that he, a [l]awful [p]ermanent [r]esident of the United States of America, would, as a direct consequence of the plea and sentence before this [c]ourt lose his [l]awful [p]ermanent [r]esident [s]tatus in the United States and be deported to his native country, with no realistic form of relief from removal and, further, with a permanent ban from any attempt to lawfully reenter the United States of America in any status?

Appellant's Brief, at 4-5.

In reviewing the denial of a PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal

- 4 -

error." **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007) (citations omitted). To succeed on an ineffectiveness claim, a petitioner must demonstrate by a preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test will require rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the petitioner to prove otherwise. **Commonwealth v. Hanible**, 30 A.3d 426, 439 (Pa. 2011).

Claims of ineffectiveness, in the context of a guilty plea, are limited to circumstances where counsel's actions caused an involuntary, unknowing, or unintelligent plea. **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa. Super. 2010). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** (citations omitted). When the defendant is a noncitizen, the United States Supreme Court has held that counsel must inform him as whether the plea carries a risk of deportation. **See Padilla v. Kentucky**, 559 U.S. 356 (2010).

This Court has held that **Padilla** requires counsel to inform a defendant of the risk of deportation; if deportation is a clear certainty, then counsel may

- 5 -

be required to inform his client of that certainty. ***See Commonwealth v. Escobar***, 70 A.3d 838, 841 (Pa. Super. 2013) (holding defendant's drug-related conviction, while a deportable offense, did not guarantee deportation; therefore, counsel was only required to advise of the possibility of deportation); ***see also Commonwealth v. McDermitt***, 66 A.3d 810, 814 (Pa. Super. 2013) (holding plea counsel effective when he advised his client that plea may make him deportable). If the defendant could be deported, but counsel is unsure of the likelihood of deportation, informing the defendant of the risk and encouraging the defendant to contact an attorney versed in immigration constitutes effective representation. ***See Commonwealth v. Wah***, 42 A.3d 335, 340-41 (Pa. Super. 2012) (holding plea counsel effective when he advised client to reach out to an immigration attorney).

Here, the PCRA court found Hernandez was repeatedly warned of the possibility of deportation and encouraged to seek counsel well-versed in immigration law. Even the Honorable Robert L. Steinberg warned Hernandez of the risks of deportation at the plea hearing.

We agree with the PCRA court's application of the law. While counsel did not tell Hernandez whether he would be deported for certain, counsel's warnings and advice were sufficient. Counsel, therefore, was not ineffective. ***See Wah***, 42 A.3d at 340. Hernandez knew he could be deported and that a continuance would be granted so he would have an opportunity to consult with an immigration attorney. Hernandez declined this option, and instead chose

to proceed with the plea anyway. We conclude plea counsel's advice to Hernandez was within the range of competence demanded of a criminal attorney. *Id.*

Because counsel's advice was not deficient, there is no merit to Hernandez's claim that counsel should have advised him differently. Thus, Hernandez has failed to show that counsel's actions resulted in an unknowing, involuntary, or unintelligent plea.

Furthermore, Hernandez's argument that his plea in 3210 was unlawfully induced is also without merit.[6] Hernandez entered that plea *pro se* and the court was not aware of his immigration status. Hernandez alleges the court had a duty to ensure he understood the immigration consequence of his plea. However, the courts are not responsible for determining every defendant's nationality before sentencing. *Commonwealth v. Rachak*, 62. A.3d 389, 395 (Pa. Super. 2012). A defendant's lawyer is responsible for informing him of possible deportation consequences. *Id.* The court is not responsible for informing a defendant when it is unaware of the defendant's citizenship. Here, Hernandez's citizenship was never brought to the attention of the court in 3210. The court was not responsible for informing Hernandez

---

[6] A claim of an unlawfully induced guilty plea must also assert the defendant's innocence. 42 Pa.C.S.A. § 9543(a)(2)(iii); *Commonwealth v. Barndt*, 74 A.3d 185 n.9 (Pa. Super. 2015). No such claim has been made by Hernandez.

of any immigration consequences and its failure to do so did not unlawfully induce a guilty plea. *Id.* Therefore, Hernandez's claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/19