J-S18028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCOS ANTONIO BETANCOURT | : | |
| GANIER | : | |
| | : | No. 1432 MDA 2018 |
| Appellant | : | |

Appeal from the PCRA Order Entered August 1, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003303-2016

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:              **FILED: MAY 2, 2019**

Appellant Marcos Antonio Betancourt Ganier appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant contends his plea counsel was ineffective for failing to advise him that a guilty plea would result in deportation.  We affirm.

We adopt the facts and procedural history set forth in the PCRA court's opinion.[2]  **See** PCRA Ct. Op., 10/25/18, at 2.  Of note, Appellant, who was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We recognize that on July 18, 2017, Appellant was sentenced to nine to twenty-three months' imprisonment with two days of credit for time served. Order, 7/21/17.  Appellant was still serving his sentence as of July 12, 2018,

represented by plea counsel, pleaded guilty to delivery of a controlled substance.[3] At the guilty plea hearing, Appellant's immigration status was not addressed.

Appellant did not take a direct appeal,[4] but filed the instant timely first PCRA petition, asserting that plea counsel was ineffective for failing to advise him of the deportation consequences of his plea. The PCRA court appointed PCRA counsel. Following a hearing, the PCRA court denied Appellant's petition on August 1, 2018.

Appellant timely appealed. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court filed a Rule 1925(a) decision holding, among other things, that it found Appellant's plea counsel credibly testified that he advised Appellant he may be subject to deportation. PCRA Ct. Op. at 5.

Appellant raises the following issue:

> Did the trial court err in failing to grant . . . Appellant leave to withdraw his plea of guilt[y] to the subject crime [because the plea] was unlawfully induced through ineffective assistance, under **Padilla v. Kentucky**, [130 S. Ct. 1473 (2010)], where the record does not support that trial counsel provided advice concerning the

---

the date of the PCRA evidentiary hearing. No party has alerted this Court that Appellant is no longer serving his sentence.

[3] 35 P.S. § 780-113(a)(30).

[4] We note that the trial court did not comply with Rule 704(C), which requires the court to determine on the record that the defendant has been advised of his post-sentence and appellate rights.

consequences of the plea and was, as a result, not knowingly, voluntarily, intelligently and knowingly tendered?

Appellant's Brief at 4.

In support, Appellant argues that the PCRA court erred in concluding that plea counsel advised him of the deportation consequences from a guilty plea. Appellant's Brief at 13. He asserts that he first learned of these consequences when he met Immigration and Customs Enforcement agents in prison. *Id.* Appellant contends that if he had known that he would be deported, he would have consulted with an immigration lawyer. *Id.* at 14. He challenges plea counsel's testimony at the PCRA hearing as contradictory and vague. *Id.* at 14-15. Appellant maintains that plea counsel should have advised him that he definitively would be deported and not that there was a possibility of deportation. *Id.* at 15.

"Our standard of review of a [PCRA] court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citation and internal quotation marks omitted). "We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*." *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa. Super. 2018) (citation omitted).

[I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Barndt*, 74 A.3d at 192 (citation omitted).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Id.* (citation omitted).

In *Commonwealth v. Wah*, 42 A.3d 335 (Pa. Super. 2012), this Court

summarized *Padilla* as follows:

the United States Supreme Court held that counsel must inform his client whether his plea carries a **risk** of deportation. The *Padilla* Court rejected Kentucky state law holding that the risk of deportation concerns only collateral matters outside the scope of representation required by the Sixth Amendment, and therefore, failure to advise a defendant of possible deportation consequences is not cognizable as a claim for ineffective assistance of counsel. *Padilla* had the effect of abrogating similar case law in Pennsylvania, notably *Commonwealth v. Frometa*, 520 Pa. 552, 555 A.2d 92 (1989) (holding that deportation is a collateral consequence of a guilty plea and failure to explain it to a defendant is irrelevant to whether the guilty plea was knowing and voluntary).

*Wah*, 42 A.3d at 339 (emphasis added).

In *Commonwealth v. Escobar*, 70 A.3d 838 (Pa. Super. 2013), the

defendant argued that because his drug conviction made him deportable, plea

counsel was required to tell him "that he would, in fact, be deported."

***Escobar***, 70 A.3d at 841.  The PCRA court agreed and granted the defendant

relief.  ***Id.*** at 840.  The ***Escobar*** Court reversed, explaining

> whether the U.S. Attorney General and/or other personnel would necessarily take all the steps needed to institute and carry out [the defendant's] actual deportation was not an absolute certainty when he pled.  Given that [the defendant] did know deportation was possible, given that counsel advised him there was a substantial risk of deportation, and given that counsel told [the defendant] it was likely there would be deportation proceedings instituted against him, we find counsel's advice was, in fact, correct.

***Id.*** at 841.

Instantly, the PCRA court summarized plea counsel's testimony at the

PCRA hearing as follows:

> [Plea counsel] testified that he has been an attorney for fifteen years and his primary practice area is criminal defense.  [Plea counsel] had been retained prior to the preliminary hearing and he was aware that [Appellant] was not a citizen of the United States.  [Plea counsel] knew that a guilty plea to the charges filed against [Appellant] could subject him to deportation.
>
> . . . Prior to pleading guilty, [plea counsel] advised [Appellant] that he could be subject to deportation.  [Plea counsel] testified that he refers all criminal clients facing possible deportation to a local immigration attorney.  He also testified that he would have followed his normal practice in this case.

PCRA Ct. Op. at 4.  Further, as noted above, the PCRA court found plea

counsel's testimony credible.  ***Id.*** at 5.

We add that plea counsel testified: "I didn't cite the [Immigration] Act.

But I'm sure I said that it could subject [Appellant] to potential deportation.

I know that there is a list of offenses of [sic] crimes that could subject

[Appellant] to this." N.T. PCRA Hr'g, 7/12/18, at 18. Plea counsel later reiterated that he notified Appellant that he could be subject to deportation. *Id.* at 20. However, plea counsel conceded that he did not explicitly inform Appellant that a guilty plea would absolutely result in his deportation. *Id.* at 28.

Instantly, our review of the record establishes that the PCRA court's credibility determinations and findings of fact are supported by the record. *See Becker*, 192 A.3d at 112. To the extent Appellant argues that plea counsel should have advised him that deportation was a certainty, we disagree. *See Escobar*, 70 A.3d at 841. As in *Escobar*, Appellant was advised that he could be subject to deportation, and whether Appellant would actually be deported was uncertain at the time he entered his guilty plea. *See id.* Therefore, having found no abuse of discretion or error of law, we affirm the order denying Appellant's PCRA petition. *See Barndt*, 74 A.3d at 191-92.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2019

- 6 -