J-S43029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEON GEORGE STEWART | : | |
| | : | |
| Appellant | : | No. 1676 MDA 2018 |

Appeal from the PCRA Order Entered September 10, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002998-2016

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                     **FILED OCTOBER 22, 2019**

Leon George Stewart appeals from the Order entered on September 10, 2018, denying his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March 2017, Appellant entered into a negotiated guilty plea to Criminal Use of Communication Facility, Possession with Intent to Deliver, and Conspiracy in exchange for five years of probation.[1]  N.T. Plea, 3/13/17, at 1-10.  Following a colloquy, the trial court accepted the plea and imposed the agreed-upon sentence.  *Id.* at 8-9.

Appellant is a citizen of Jamaica.  *Id.* at 5.  During his oral colloquy, Appellant's plea counsel, Ms. Emily Cherniack, Esq., confirmed that Appellant was aware that he faced potential consequences to his immigration status.

---

[1] 18 Pa.C.S. § 7512(a); 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 903(a)(1), respectively.

---

*   Former Justice specially assigned to the Superior Court.

*Id.* at 5. In addition, Appellant testified that he understood his rights and voluntarily determined to plead guilty. *Id.* at 4-5.

Appellant attained a fourth-grade education; he speaks English but can neither read nor write. *Id.* at 3. During his oral colloquy, Appellant testified that plea counsel discussed a written colloquy with him. *Id.* at 3-4. Counsel confirmed that she had read and explained its terms to Appellant. *Id.* at 3. Appellant signed the written colloquy. *Id.* In relevant part, the colloquy memorializes Appellant's understanding that "by pleading guilty, I will be subject to immigration review which will likely result in my deportation." Statement Accompanying Defendant's Request to Enter a Guilty Plea, 3/13/17, at 2 ¶ 4.

Appellant did not file a post-sentence Motion or appeal from the Judgment of Sentence. However, in November 2017, Appellant challenged the lawfulness of his guilty plea by filing a counseled Petition for collateral relief. According to Appellant, plea counsel was ineffective because she did not review the Commonwealth's evidence with Appellant or explain the consequences of his plea.[2] Appellant's PCRA Petition, 11/21/17, at 2 (unpaginated).

In April 2018, the PCRA court held a hearing on Appellant's Petition. Appellant testified that plea counsel never discussed the case with him, his chance of success at trial, or the terms of the written colloquy. N.T. PCRA,

---

[2] United States Immigration and Customs Enforcement has detained Appellant and scheduled him for deportation. PCRA Ct. Op., 2/28/19, at 1.

4/30/18, at 10-14. Appellant further asserted that he did not wish to plead guilty but that counsel directed him to do so. *Id.* at 14. In addition, according to Appellant, counsel suggested that, if asked, Appellant should deny that anyone had forced him to plead guilty. *Id.* Finally, Appellant testified that plea counsel never explained to him how a plea could affect his immigration status. *Id.* at 15-16.

On cross-examination, Appellant conceded that his PCRA testimony was at odds with his plea testimony. *Id.* at 21-23. Upon questioning from the presiding judge, Appellant testified that he had not told the truth during the plea hearing. *Id.* at 23.

Plea counsel also testified at the hearing. According to plea counsel, she specifically recalled discussing immigration consequences with Appellant and his wife, in part because Appellant faced a felony drug charge. *Id.* at 28-30, 36. Moreover, according to plea counsel, Appellant's case had been continued on at least one occasion in order for Appellant to discuss his case with an immigration attorney. *Id.* at 33.

On cross-examination, plea counsel testified that she discussed the facts of the case with Appellant but conceded that she did not review discovery with him. *Id.* at 37. Plea counsel also explained that her representation of

Appellant was limited to the plea process; therefore, according to counsel, she did not advise Appellant regarding his chances at trial. *Id.* at 37.[3]

Following the hearing, the PCRA court entered an order denying collateral relief on the ground that Appellant had neither pleaded nor proved that plea counsel's performance had prejudiced him. PCRA Order, 9/10/18, at 1 n.1. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive Opinion.

Appellant raises the following issues on appeal:

1. Whether the PCRA court erred in denying Appellant collateral relief where plea counsel was ineffective for not properly apprising Appellant of the immigration consequences of his plea; and

2. Whether the PCRA court erred in denying Appellant collateral relief where plea counsel was ineffective for not reviewing with Appellant the evidence against him or providing him with discovery.

*See* Appellant's Br. at 25, 37.[4]

Appellant contends that the PCRA court erred in denying him relief. *Id.* at 25, 37. We review an order granting or denying a petition for collateral

_____

[3] In July 2016, Attorney John J. McMahon, Jr. entered an appearance as Appellant's counsel of record. *See* Criminal Docket, No. CP-06-CR-0002998-2016, at 7. According to plea counsel, she handled in-court appearances but deferred to counsel of record to discuss trial strategy with Appellant. N.T. PCRA at 37-38. Counsel of record did not testify at the PCRA hearing.

[4] In his Statement of the Questions Involved, Appellant identifies eight issues. *See* Appellant's Br. at 5-8. In his Argument, however, Appellant concedes that issues two through eight "essentially raise the same allegations of ineffective assistance." *Id.* at 37. Thus, Appellant has divided his Argument into two sections. *See id.* at 25, 37; *see also* Pa.R.A.P. 2116(a), 2119(a).

relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). We will not disturb the findings of the PCRA court unless there is no support for those findings in the record. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

Appellant asserts that plea counsel was ineffective. We presume counsel is effective. *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. 2013) (citing *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Id.* A claim will be denied if the petitioner fails to meet any one of these prongs. *See Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)).

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Wah*, 42 A.3d at 338 (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806–07 (citation omitted). "Where the defendant enters his plea on the

advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Wah**, 42 A.3d at 338-399 (citations omitted).

"[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Brandt**, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. **Id.** The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." **Id.** (citations omitted).

In his first issue, Appellant asserts plea counsel was *per se* ineffective because she failed to provide appropriate immigration advice. Appellant's Br. at 27. According to Appellant, the PCRA court erred as a matter of law when it required a showing of prejudice in support of Appellant's claim. **See id.** at 27-28 (citing **Padilla v. Kentucky**, 559 U.S. 356 (2010)). Rather, Appellant suggests, proper disposition of his claim required only an evaluation of plea counsel's credibility. **Id.** In other words, the only question before the PCRA court was whether plea counsel had advised Appellant that his guilty plea would lead to his deportation. According to Appellant, counsel's testimony was questionable, inconsistent, and suspect. **See id.** at 29, 31, 36 (reviewing counsel's testimony and challenging her credibility). Therefore, Appellant concludes, he is entitled to withdraw his plea and requests that we remand this matter for further proceedings. **See id.** at 36, 46.

In support of its decision, the PCRA court accurately set forth the law as it relates to Appellant's claim. **See** PCRA Ct. Op., 2/28/19, at 2-4; PCRA Order, 9/10/18, at 1 n.1. It is a petitioner's burden to plead and prove both that counsel's performance was constitutionally deficient and that counsel's deficient representation prejudiced him. **See supra**; **see also, e.g.**, **Commonwealth v. Velazquez**, --- A.3d ---, 2019 PA Super 243 (filed August 15, 2019).

It is inaccurate to assert, as Appellant has done, that the United States Supreme Court eliminated the prejudice requirement from ineffectiveness claims where criminal defense counsel has provided deficient immigration advice. Quite to the contrary, in **Padilla**, the Court set forth its traditional requirements. **See Padilla**, 559 U.S. at 366 (citing **Strickland v. Washington**, 466 U.S. 668 (1984)). Clearly, the Court recognized the potential for prejudice. **See, e.g.**, **id.** at 368 ("We too have previously recognized that preserving the client's right to remain in the United States **may be** more important to the client than any potential jail sentence." (emphasis added; punctuation modified; citation omitted)). However, the Court did not presume prejudice attached. Following its analysis of the constitutional requirements for adequate representation where there is a risk of deportation, the Court remanded for a specific finding on prejudice:

> Whether Padilla is entitled to relief on his claim will depend on whether he can satisfy **Strickland's** second prong, prejudice, a matter we leave to the Kentucky courts to consider in the first instance.

- 7 -

*Id.* at 369, *see also id.* at 374 (reiterating the prejudice requirement).

Thus, we reject the legal premise of Appellant's argument. Appellant's failure to establish prejudice—that he would not have pleaded guilty if counsel had provided him with appropriate immigration advice—is fatal to his claim. *Escobar*, 70 A.3d at 841; *Brandt*, 74 A.3d at 192.[5]

Similarly, Appellant's second claim fails as well. According to Appellant, plea counsel's representation was clearly deficient because she failed to explain the evidence against him, discuss the elements of the crimes charged, review discovery materials, or explore potential legal defenses. *See generally* Appellant's Br. at 37-45.[6] In light of these allegations, but without citation to legal authority, Appellant concludes that it was "patently unfair" for the PCRA court to require that he demonstrate prejudice. Appellant's Br. at 45. This claim is without legal merit. *Escobar*, 70 A.3d at 841; *Brandt*, 74 A.3d at 192.

---

[5] In light of our disposition, we need not reach Appellant's credibility challenge to plea counsel's testimony. We note, however, that the PCRA court made no specific credibility findings. *See generally* PCRA Ct. Op., PCRA Order.

[6] Appellant's assertions are misleading. For example, plea counsel conceded that she did not review discovery materials with Appellant but asserted that counsel of record retained that responsibility, as well as a responsibility to discuss trial strategy. *See* N.T. PCRA at 37-38. Further, Appellant repeatedly asserts that the PCRA court found plea counsel's representation to be deficient. Appellant's Br. at 41, 42, 43-44. This is inaccurate. While the court recognized that Appellant "raised legitimate concerns" regarding counsel's representation, the court did not make a specific finding or legal conclusion. PCRA Ct. Op. at 4. Rather, the court focused its analysis on Appellant's failure to plead and prove prejudice. *Id.*

In support of its decision, the PCRA court summarized as follows:

In short, [Appellant] failed to prove by a preponderance of the evidence that he would have declined the offer of probation and risked incarceration in a county or state facility if he had a fuller picture of the facts of the case and specific immigration consequences.

PCRA Ct. Op. at 5. We defer to the PCRA court, as the record supports this finding. *Wah*, 42 A.3d at 338. Accordingly, no relief is due Appellant.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2019