J-S57037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHEL E. GUMBS, | : | |
| | : | |
| Appellant | : | No. 472 MDA 2019 |

Appeal from the PCRA Order Entered February 20, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003414-2016

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED DECEMBER 02, 2019**

Michel E. Gumbs ("Gumbs") appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its Opinion, the PCRA court summarized the procedural history underlying this appeal as follows:

> On or about August 30, 2016[, Gumbs[1]] was charged with possession with intent to deliver a controlled substance [("PWID")] and possession of a controlled substance.  On July 18, 2017[, Gumbs, represented by Nanda Palissery, Esquire ("Attorney Palissery"),] entered a guilty plea to [PWID,] and [he] was sentenced on the same day to undergo a period of incarceration of three to twenty-three months in the Luzerne County Correctional Facility.  [Gumbs] did not file any post-sentence motions or appeals.  On November 5, 2018, [Gumbs], though counsel, filed a PCRA Petition and[,] on November 26, 2018[,] filed an amended PCRA Petition.  [The PCRA court conducted an evidentiary] … hearing [on the Petition] on

_____

[1] Relevant to this appeal, Gumbs is a citizen of the Netherlands.

> December 20, 2018[, ("PCRA hearing"), wherein Gumbs alleged that Attorney Palissery was] … ineffective[] for failing to advise [Gumbs] of the deportation consequences of his guilty plea[, pursuant to ***Padilla v. Kentucky***, 559 U.S. 356, 371, 374 (2010) (holding that the failure of a criminal defense attorney to advise his or her non-citizen client of the immigration consequences of a guilty plea renders counsel constitutionally ineffective).[2]]

PCRA Court Memorandum Opinion, 2/20/19, at 1 (unnumbered, footnotes added, some capitalization omitted).

At the close of the PCRA hearing, the PCRA court denied Gumbs's Petition. Gumbs then filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. In his appeal to this Court, Gumbs presents the following question for our review: "Did the [PCRA] court abuse its[] discretion in denying [Gumbs] PCRA relief?" Brief for Appellant at 4.

Gumbs claims that Attorney Palissery rendered ineffective assistance by permitting him to plead guilty, without informing him that his plea would result in his deportation, pursuant to ***Padilla***, ***supra***. Brief for Appellant at 10.

As this Court has explained,

> [w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

---

[2] Gumbs alleged in his PCRA Petition that following the entry of his guilty plea, agents with the United States Immigration Customs Enforcement agency ("ICE") seized him for mandatory deportation to the Netherlands based upon his conviction.

*Commonwealth v. Lee*, 206 A.3d 1, 6 (Pa. Super. 2019) (citations omitted).

To be entitled to relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Counsel is presumed to provide effective assistance, and it is solely the petitioner's burden to prove ineffectiveness. *See id.*

Preliminarily, we must address whether Gumbs's PCRA Petition is timely filed. *See Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." (citation omitted)). Any PCRA petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously

unknown facts which could not have been discovered with due diligence; or

(3) a newly-recognized constitutional right given retroactive application).

The PCRA court cogently addressed the matter of the timeliness of

Gumbs's PCRA Petition, and the merits of his ineffectiveness claim, as follows:

> [Gumbs's] judgment of sentence became final on August 17, 2017[,] as he did not file a direct appeal or any post-sentence motions. [Gumbs] filed [the instant PCRA] Petition … on November 5, 2018. Thus, a timely petition for post[-]conviction relief would need to have been filed by August 17, 2018, unless the Petition meets one of the three delineated exceptions in [section] 9545(b)(i)-(iii).
>
> [Gumbs] argues [that] the second exception under [section] 9545(b)(ii)[, *i.e.*, the newly-discovered facts exception,[3]] applies, claiming he became aware that his guilty plea would result in deportation in October 2018; however, this claim lacks merit[,] as [Gumbs] knew of this fact when he pled guilty in July 2017. [Gumbs] retained [Attorney] Palissery …, a criminal defense attorney with twenty-five years of experience, to represent him in connection with the criminal case. Attorney Palissery was aware that [Gumbs] was not a citizen of the United States[,] as [Gumbs had] completed Attorney Palissery's intake form, which indicated that [Gumbs] was a lawful permanent resident from the Netherlands.
>
> * * *
>
> Allegations of ineffectiveness in connection with a guilty plea will not justify relief unless the ineffectiveness of counsel caused [the] defendant to enter an involuntary or unknowing plea. ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa. Super. 2010). If the defendant enters a plea on the advice of counsel,

---

[3] This Court has explained the requirements of the newly-discovered facts exception as follows: "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

the voluntariness of the plea depends on whether counsel's advice was within the range of competence which would be expected of attorneys in criminal cases. **Id.** A valid guilty plea must be knowingly, voluntarily and intelligently entered. **Id.**

It is clear that counsel must inform a non[-]citizen defendant as to the risk of deportation that may result from a guilty plea. **Padilla**[, **supra**]. However, [the Pennsylvania Superior] Court has interpreted **Padilla** as requiring counsel to inform a defendant as to the risk of deportation, not as to its certainty. **Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013). When the risk of deportation is clear, "the duty to give correct advice is equally clear." **Padilla**, 559 U.S. at 368. However, giving correct advice does not necessarily mean that counsel must tell a defendant he would definitely be deported. **Commonwealth v. Escobar**, 70 A.3d 838, 841 (Pa. Super. 2013). As the [C]ourt noted in **Escobar**, there is no guarantee that the United States Attorney General would take all the steps necessary to carry out [a] defendant's deportation. **Id.**

Here, [Gumbs] alleges that he entered [his] guilty plea … without being advised as to the deportation consequences of his plea by [Attorney Palissery]. [Gumbs] testified [at the PCRA hearing] that he would have negotiated a different plea or [proceeded] to trial had he know[n] he would be deported.

… [Gumbs] [] pled guilty to one count of [PWID]. The negotiated plea agreement was favorable to [Gumbs]. Prior to pleading guilty, Attorney Palissery advised [Gumbs] that he could be subject to deportation. Attorney Palissery discussed the deportation consequences of the plea with [Gumbs,] in the presence of an agent from the [immigration] office of the [Pennsylvania] Attorney General at the preliminary hearing, at Attorney Palissery's office after [Gumbs] was released on bail, and on the day of the plea hearing. Attorney Palissery also emailed [Gumbs's] family member, confirming that [counsel had] discussed the deportation consequences with [Gumbs].

[Gumbs] had a clear understanding that his plea may result in deportation and willingly proceeded with the plea, stating, "I am not worried about ICE, I am not worried] about that. What I am worried about right now is what is going to happen in this hearing…." Attorney Palissery further advised [Gumbs] to contact an immigration attorney for the deportation issue.

Additionally, this court finds the testimony presented by Attorney Palissery at the PCRA hearing to be credible. He advised [Gumbs] that his guilty plea may result in deportation and to consult an immigration attorney. Accordingly, [Gumbs's] ineffectiveness claim lacks merit[,] as Attorney Palissery provided the requisite advice regarding [Gumbs's] plea and deportation consequences; [Gumbs] knowingly, voluntarily, and intelligently entered into his guilty plea agreement. Therefore, [Gumbs's PCRA] Petition … is untimely, raises no issues of merit, and must be denied.

PCRA Court Memorandum Opinion, 2/20/19, at 2-3, 5-6 (unnumbered, footnote added, citations to record and some capitalization omitted).

Our review discloses that the PCRA court's findings are supported in the record, and its legal conclusions are sound. **See id.** We therefore affirm on the basis of the foregoing in concluding that the PCRA court properly denied Gumbs's PCRA Petition, **see id.**, with the following addendum.

To the extent that Gumbs emphasizes that "[p]aragraph six of the [guilty] plea form signed by [Gumbs] and [Attorney Palissery] asks if the defendant is a U.S. citizen[;] [t]hat box was not checked[,]" Brief for Appellant at 11, this claim entitles Gumbs to no relief. The record supports the PCRA court's finding that Attorney Palissery had advised Gumbs, on several occasions, about the potential deportation consequences. Moreover, there is no merit to Gumbs's attempt to distinguish the instant case from **McDermitt**, **supra**, and **Escobar**, **supra**. **See** Brief for Appellant at 11. Finally, to the extent that Gumbs challenges the PCRA court's credibility determination concerning Attorney Palissery's testimony at the PCRA hearing, **see id.** at 11-

12, it is well established that this Court may not disturb such credibility determinations where, as here, they are supported by the record. **See, e.g.**, **Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) (*en banc*).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/02/2019