J-S27021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIO TAVARES ABREU | : | |
| | : | |
| Appellant | : | No. 2951 EDA 2024 |

Appeal from the PCRA Order Entered November 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001568-2022

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 26, 2025**

Julio Tavares Abreu appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history may be summarized as follows.  On November 30, 2022, Abreu entered into a negotiated guilty plea to one count of possession with intent to deliver.  That same day, the trial court imposed the negotiated sentence of 11½ to 23 months of imprisonment, with immediate parole, and a consecutive three-year probationary term.  Abreu filed neither a post-sentence motion nor a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On December 20, 2023, Abreu filed a *pro se* PCRA petition and the PCRA court appointed counsel. On March 28, 2024, PCRA counsel filed an amended petition in which Abreu claimed that plea counsel's ineffectiveness induced him to enter a guilty plea. On November 1, 2024, the PCRA court held an evidentiary hearing at which both Abreu and plea counsel testified. At the conclusion of this hearing, the PCRA court denied Abreu's petition. This appeal followed. Both Abreu and the PCRA court have complied with Appellate Rule 1925.

Abreu raises the following issue on appeal:

> Did the PCRA Court err by denying [Abreu's] PCRA petition after a hearing, where plea-counsel was ineffective for failing to adequately advise [Abreu] he would be presumptively deportable for pleading guilty to [possession with intent to deliver], and did the PCRA court err where had [Abreu] known the immigration consequences, he would have proceeded to trial instead, therefore his plea was unlawfully induced and unknowing, unintelligent and involuntary?

Abreu's Brief at 6.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In support of his issue, Abreu asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish

by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** at 533. A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea

- 3 -

counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Abreu argues that plea counsel was ineffective for failing to properly advise him he would be presumptively deportable if he pled guilty to possession with intent to deliver. He further asserts that the PCRA court erred in ruling that plea counsel's testimony was credible while concluding his was not. We disagree.

- 4 -

We first discuss the applicable case law. Under *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), "counsel must inform her client whether his plea carries a risk of deportation." This Court has emphasized that this language from *Padilla* "requires counsel to inform a defendant as to a risk of deportation, not as to its certainty." *Commonwealth v. McDermitt*, 66 A.3d 810, 814 (Pa. Super. 2013). Stated differently, the burden is not on plea counsel to "know and state with certainty that the federal government will, in fact, initiate deportation proceedings." *Commonwealth v. Escobar*, 70 A.3d 838, 842 (Pa. Super. 2013).

As in this case, in *Escobar*, the defendant pled guilty to possession with intent to deliver and it was unknown whether the federal government would initiate deportation proceedings. Nonetheless, this Court held plea counsel's advising his client that a plea to the drug charge carried a "risk of deportation" was "within the range of competence demanded of attorneys in criminal cases." *Id.*

Here, the PCRA court cited the conflicting testimony from Abreu and plea counsel regarding the immigration consequences of pleading guilty to the drug charge and discussed why it denied Abreu's PCRA petition:

> [The PCRA court] properly denied [Abreu's] petition after hearing all of the evidence and determining that [Abreu] was not credible. [Abreu] claims that plea counsel . . . was ineffective for advising him that his plea to [possession with intent to deliver] was unlikely to result in his removal from the United States, when in fact the nature of [Abreu's] offense, combined with his immigration status, made his removal a virtual certainty. This claim is belied by the record and [plea counsel's] credible testimony. During the PCRA hearing, [Abreu] testified, that,

despite knowing that [Abreu] is undocumented, [plea counsel] never discussed possible immigration consequences of his plea. According to [Abreu], [plea counsel] only stated that the plea was for 3 years of probation and made no mention of his immigration status. [Abreu] admitted that [the trial court] advised him that his immigration rights might be affected by his plea. When asked whether he recalled what he said in response to [the court's] colloquy, [Abreu] replied that "I think that's a question that should be addressed to counsel, wouldn't it? The question was clarified, and [Abreu] refused to answer. [Abreu] had trouble answering other questions throughout the [PCRA] hearing, and repeatedly refused to answer or gave vague answers to questions from both the Commonwealth and PCRA counsel, stating that he felt "pressured." [Abreu] ultimately stated that he "wish[ed] not to speak anymore" while being questioned by his own counsel.

[Plea counsel] credibly testified that he was aware that [Abreu] was undocumented, and that he informed [Abreu] that not only would the [drug] conviction make him removable from the United States, but there was a "presumption" that [Abreu] would be removed. [Plea counsel] confirmed that he had a Spanish-speaking paralegal present to serve as an interpreter during his discussions with [Abreu] and that there was a court certified interpreter working with [Abreu] on the day his plea. Moreover, the record of [Abreu's] plea shows that [the trial court] explicitly informed [Abreu] that "[i]f you're not a U.S. citizen, [your] immigration rights may be affected." [The PCRA court] therefore determined that [Abreu's] testimony was incredible and he had not met his burden, and properly denied relief.

PCRA Court Opinion, 12/23/24, at 4-5 (citations omitted).

Our review of the record supports the PCRA court's conclusion. As a matter of credibility, the PCRA court did not believe Abreu's testimony. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

In arguing to the contrary, while Abreu acknowledges the trial court told him during the guilty plea colloquy that he might face immigration consequences, according to Abreu, "plea-counsel had a duty to go further, review the applicable deportation statute, and explain that [Abreu] would *most definitely* eventually be deported." Abreu's Brief at 20 (italics in original). Accepting Abreu's argument would require more of plea counsel than is mandated by the above case law. We note that this case does not present a situation where counsel was deemed ineffective for merely referring the defendant to an immigration lawyer, **Commonwealth v. Ramirez-Contreras**, 320 A.3d 756, 765 (Pa. Super. 2024), or where counsel was deemed ineffective for incorrectly informing his client that he faced no risk of deportation upon pleading guilty to simple assault. **Commonwealth v. Valazquez**, 216 A.3d 1146, 1150-51 (Pa. Super. 2019).

In sum, prior to entering his plea, Abreu was informed by plea counsel that his conviction for possession with intent to deliver was a "presumptively deportable offense." **See** N.T., 11/1/24, at 10. As this advice was all that was required under **Padilla** and its Pennsylvania progeny, Abreu's ineffectiveness claim fails. **Escobar**, **supra**. We therefore affirm the PCRA court's order denying his post-conviction petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/26/2025</u>